In the Matter of LOUIS W. VYNER, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, December 8, 1960.

*Frederick H. Block* of counsel (*Eric Nightingale,* attorney), for petitioner.

*Louis W. Vyner,* respondent in person.

*Per Curiam.* The respondent was admitted to practice in this Department in 1930. He is charged with (1) having obtained a loan by false representations from an estate of which his client was an executrix and with having given a postdated check in repayment of such loan, which check was dishonored upon presentation; (2) with having delivered two postdated checks to a printer in payment of a printed record and permitting those checks to be dishonored and in failing thereafter to make payment and (3) with having issued 87 checks which were returned

for insufficient funds, thereby having allegedly violated section 1292-a of the Penal Law. The Referee found in favor of the respondent on the first two charges and recommended that they be dismissed.

We accept the conclusion of the Referee that there was no misrepresentation made as alleged in Charge No. 1 and with regard to that aspect of the charge we agree that it should be dismissed.

We likewise accept the conclusion of the Referee that the circumstances under which the respondent obtained the printed record from the printer do not warrant a finding of professional misconduct and with respect to that aspect of Charge No. 2 we agree that it should be dismissed.

With regard to the issuance of 87 postdated checks which proved to be worthless the Referee stated that " [w]hether the facts  *  *  *  proven  *  *  *  reflect sufficiently seriously on respondent's present fitness to continue to practice law is a matter for the final determination of this Court." It seems that the respondent made a practice of issuing postdated checks and the evidence indicates that at the time of their issuance he must have known that he would not be in a position to make them good. This, in our opinion, constitutes unprofessional conduct. Nor does that unfailing practice hold him guiltless of professional misconduct merely because he managed to avoid criminal liability under section 1292-a of the Penal Law. His entire course of conduct with respect to his financial transactions as evidenced by his issuance of 87 worthless checks and by outstanding judgments in the aggregate sum of about $25,000 — many entered in consequence of the issuance of those worthless checks — indicates a failure on his part to conform to the standards expected of a practicing attorney.

We find the defendant guilty of professional misconduct and accordingly he should be suspended for a period of two years.

BREITEL, J. P., RABIN, VALENTE, MCNALLY and BASTOW, JJ., concur.

Respondent suspended for a period of two years.