*617
 
 Memorandum. Petitioner-respondent as administratrix should be directed to execute and deliver to the respective corporate appellants five shares of stock of each corporation registered in the name of the intestate upon payment of the amount provided in the contract therefor. Petitioner’s intestate had contracted with these two closely held corporations, owned entirely by members of his family, that upon his death the corporations could purchase his stock for a price fixed in the agreement. On two occasions the president of the corporations, the intestate’s father, offered to pay the stipulated amount to the petitioner as administratrix. On May 17, 1960 her attorney asked for delay until he could draw up papers; on June 30 her new attorney rejected the offer on the ground that the amount specified in the contract was not enough. No objection was made at the time of either offer to perform that the form of the offer to purchase should have been made in cash and not by check. It was conceded that the corporations were able to pay the stipulated amounts and it is not disputed that the president had with him on both occasions checks for payment and was ready to make such payment in this form. The Surrogate held that this was not a good tender of performance and ruled for petitioner. No objection having been made to the form of the offer of payment, it was in these circumstances sufficient.
 
 (Duffy
 
 v.
 
 O’Donovan,
 
 46 N. Y. 223;
 
 Mitchell
 
 v.
 
 Vermont Copper Min. Co.,
 
 67 N. Y. 280.)
 

 The order should be reversed, without costs, and the matter remitted to the Surrogate’s Court, Orange County, for proceedings in accordance with the Memorandum herein.
 

 Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Burke, Scileppi and Bergan concur.
 

 Order reversed, etc.