Matthew J. Jasen, J.
Motion to compel Marrano Construction Company, Inc., a witness, to comply with a subpoena duces tecum to produce 'before Lloyd L. Hurst, the Investigating Commissioner of the New York State Commission for Human Bights, certain contracts and records in conjunction with an investigation being conducted by the said Commissioner as to alleged discriminatory practices by the -Continental Bealty Company.
In opposing this application, the witness raises a technical objection to the service of the subpoena- because the fees paid were not in accordance with CPLR 8001 (subds. [a], [b]).
Under the facts and circumstances presented, the court is constrained to hold the service improper.
CPLR 2303 provides that the fees required to be paid to a witness subpoenaed by a party in an action or proceeding must be tendered in advance.
Although the commission did pay the sum of $4.50 to the president of the Marrano Construction Company, Inc., it was not a compliance with CPLR 8001.
Subdivision (a) of said section provides for the payment of $2 for attendance fees and -8 cents per mile to the place of attendance from the place of service and return, as travel expenses. The official distance from French Boad, Town of Chcektowaga, the place of service to the place of attendance (State Office Building, Buffalo) and return is not less than 18 miles. The amount required to be tendered the witness under this subdivision is in the sum of $3.44.
In addition to the above, subdivision (b) of said section provides that a witness, not a party or agent or employee of a party, who is subpoenaed to give testimony or produce books, *1093 papers and other things at an examination before trial, shall receive an additional $3 for each day’s attendance.
It follows that the witness should have been paid the sum of $6.44 at the time of the service of the subpoena.
The burden of initially offering full payment of the legal fees to a witness rests upon the party serving the subpoena.
Thus, this court concludes that the provisions relating to subpoenas and their enforcement contained in the CPLR must be followed in order to compel the appearance of a witness before the commission (Matter of Depue, 185 N. Y. 60, 70; Schwartz v. Shapiro, 195 Misc. 969; People v. De Valdor, 234 App. Div. 50).
The commission having failed concededly to tender the subpoena fees as required under 'CPLB 8001, this application must be denied.