In the Matter of ROBERT S. BUTTLES, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, July 13, 1965.

*John G. Bonomi* (*Ronald Eisenman* with him on the brief), attorney for petitioner.

*F. Campbell Jeffery* for respondent.

*Per Curiam.* Respondent was admitted to practice on December 22, 1931 in the First Judicial Department. He is charged with violation of subdivision 2 of section 90 of the Judiciary Law and of canons 29 and 32 of the Canons of Professional Ethics in that over a period of time from June, 1961 he issued a substantial number of worthless checks on accounts which he maintained in two banks. He had been previously admonished in 1961 for issuing a check or checks which were not paid upon presentation.

The respondent admitted the charge, admitted that he conducted himself lamentably, and threw himself on the leniency of the court. All of the checks were subsequently made good and for the most part within a very short period of time after knowledge of their nonpayment had been given respondent. The return of some of the checks was due to the fact that checks given respondent in payment for services were not paid upon presentation, and in some instances checks were issued as a result of carelessness or because the respondent took a calculated risk that he would have sufficient funds to pay such checks upon presentation. Apparently the checks did not involve the attorney-client relationship but were given in payment of

personal obligations. The fact that they were made good within a very short period of time after notice indicates that there was no intention to defraud. However, their issuance in substantial number and in excess of 40 during the period of time involved, constitutes professional misconduct (*Matter of Vyner*, 12 A D 2d 10; *Matter of Frankel*, 268 App. Div. 83). However, the present case is distinguishable on its facts from the cases cited. In the *Vyner* case (*supra*), some 87 worthless checks were issued by the attorney, and there were outstanding judgments against him totaling $25,000, many of which were entered as a result of the issuance and nonpayment of the checks. In *Matter of Frankel* (*supra*), the attorney used moneys received in settlement of clients' claims and issued worthless checks in payment in a manner calculated to delay exposure and gain time. In the proceeding before us no client or anyone else suffered any loss.

In light of respondent's previous record in his 32 years at the Bar, the letters attesting to his good character, some from former and present clients, and the fact that he, with candor and frankness, admitted the charge, we are inclined toward leniency. The respondent should be censured.

BREITEL, J. P., VALENTE, McNALLY, STEVENS and EAGER, JJ., concur.

Respondent censured.