In the Matter of WILLIAM J. KAUFMAN (Admitted as WILLIAM KAUFMAN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, February 29, 1968.

John G. Bonomi of counsel (*Ronald Eisenman* with him on the brief), for petitioner.

*Nicholas Atlas* of counsel (*Atlas, Berg & Mendalis,* attorneys), for respondent.

*Per Curiam.* Respondent was admitted to the Bar in the First Department in 1940. After military service and a position with the Veterans' Administration, in 1955 he went into the real estate business, owning and operating a great many tenement houses. He has not practiced law, in the sense of representing clients, since. He is charged by the Grievance Committee of the Association of the Bar with, beginning in 1964, entering on a course of issuing worthless checks.

The charge was sustained. During the period January, 1964 to June, 1965, 212 checks issued by respondent on his own account or on accounts of corporations which he controlled, were dishonored upon presentation. While there are several mitigating factors, these do not amount to a defense. While a lawyer may engage in business, if he wishes to remain a member of the Bar he must conduct himself in that business in accordance with the standards imposed on members of the Bar (*Matter of Schildhaus,* 23 A D 2d 152). The issuance of checks without sufficient funds on deposit is a violation of professional standards (*Matter of Buttles,* 23 A D 2d 446; *Matter of Bennett,* 16 A D 2d 129). Slovenly bookkeeping resulting in the overdrawal is not in itself a defense (*Matter of Chartoff,* 16 A D 2d 277, 278) and can hardly be credited where the frequency of the dishonored checks must make the situation apparent (*Matter of Frankel,* 268 App. Div. 83). Nor does the fact that the checks were later made good excuse the practice (*Matter of Danowit,* 7 A D 2d 361).

Respondent's conduct, while not involving an attorney-client relationship, does reflect on the reputation of the Bar. Even though it has not been shown that any person dealing with

respondent suffered any loss, his dereliction cannot be overlooked.

Respondent should be censured.

BOTEIN, P. J., STEVENS, EAGER, STEUER and McGIVERN, JJ., concur.

Respondent censured.