In the Matter of IRVING J. KAUFMAN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, July 10, 1969.

*John G. Bonomi* of counsel (*Ronald Eisenman* with him on the brief), for petitioner.

*Irving J. Kaufman,* respondent in person.

*Per Curiam.* The Association of the Bar of the City of New York has moved to confirm the report of the Referee designated to hear charges against the respondent. Respondent admits the facts forming the basis of the charges and his misconduct. The sole question is the sanction to be imposed.

The first charge concerns the use by respondent of funds delivered to him in escrow by the purchaser of real property. Respondent represented the seller and the funds were to be used upon the closing of title.

The second charge concerns the issuance of approximately 29 checks which were returned unpaid for insufficient funds. Although the worthless checks were not related to his law practice, their issuance cannot be condoned and is a violation of professional standards. (*Matter of Buttles,* 23 A D 2d 446; *Matter of Kaufman,* 29 A D 2d 298; *Matter of Vyner,* 12 A D 2d 10.) Nor does the fact that the checks were later made good excuse the practice. (*Matter of Danowit,* 7 A D 2d 361.)

It appears that respondent has been in practice for approximately 30 years. During all of this time he was in the employ of a law firm and had few clients of his own. He was not a frequent depositary of clients' funds. The conversion of funds was an isolated transaction in his long career at the Bar. All the checks had been paid and complete restitution made at or prior to the time these proceedings were commenced against respondent.

We take into consideration respondent's long period of faithful service at the Bar and his prior unblemished record, his good faith in making complete restitution, and his candid and full admission of the facts and contrite attitude. With these mitigating factors in mind, we find that suspension for a period of six months would be appropriate.

Motion to confirm the report of the Referee sustaining the charges should be granted, and the respondent should be suspended from practice for a period of six months.

STEVENS, P. J., MARKEWICH, NUNEZ, MCNALLY and STEUER, JJ., concur.

Respondent suspended for a period of six months, effective August 11, 1969.