Alton J. Wightman, J.
Plaintiff, a crane operator, performed certain work, labor and services for defendants, which was completed on or about June 2, 1969. Thereafter, plaintiff submitted his bill for $5,100 to defendants and on June 25,1969 defendants delivered to the plaintiff a check in the sum of $4,140 drawn on the account of the Henrietta Construction Corp., purportedly in full satisfaction of plaintiff’s claim. Upon receipt of the draft and on three separate occasions, plaintiff took the check to the *106 office of the defendants, where payment in the full sum demanded was denied by defendant William Stirling, and reissuance of a check drawn on the defendant corporation (Stirling Homex Corp.) or on the account of the individual defendants was also denied. Plaintiff retained the draft but did not cash it.
On February 9, 1970 plaintiff commenced an action for work, labor and services, seeking payment of $5,100 with interest on said sum from May 1, 1969 and the costs and disbursements of the action. Plaintiff subsequently moved for partial summary -judgment on his claim, which was granted on October 28, 1970 in the amount of $4,140 without opposition from the defendants. Imposition of interest and costs, if any, on this sum was reserved until the time of trial. The partial judgment was paid by defendants on November 2, 1970.
Thereafter defendants determined that the balance of $960 with interest, costs and disbursements claimed by the plaintiff should be paid to plaintiff because it was not in the defendants ’ best financial interests to proceed with the litigation. On January 21, 1971 the defendants’ attorney offered the sum of $960 plus costs and disbursements and 6% interest on said sum from June 2,1969 to the plaintiff, which said offer was refused.
Defendants have now commenced this proceeding by order to show cause, to obtain a determination of the amount of costs and interest to be paid by the defendants to the plaintiff in connection with the entry of final judgment in this matter. Plaintiff, in reply, is asking that defendants’ application be denied and that plaintiff have summary judgment against the defendants for the balance of his claim of $960 with interest at the rate of 7%% on the sum of $4,140 from May 1,1969 to November 2,1970, and on $960 from May 1,1969 to date. Defendants have admitted the principal balance of $960, but contend that all interest should be computed at the rate of 6%.
CPLR 5001 provides, in part, in subdivision (a) that “ Interest shall be recovered upon a sum awarded because of a breach of performance of a contract ” and at subdivision (b) that “ Interest shall be computed from the earliest ascertainable date the cause of action existed ’ ’. CPLR 5004 provides ‘ ‘ Interest shall be at the legal rate, except where otherwise prescribed by statute ”. Section 5-501 of the General Obligations Law provides that the interest shall be as prescribed by the Banking Board. Section 14-a of the Banking Law authorizes the Banking Board to prescribe the rate of interest at not less than 5% nor more than 7%% per annum. The Banking Board by regulation section 4.1 (3 NYCRR 4.1) has fixed the interest rate at 7.50% per *107 annum on and after February 16, 1969. The legal rate of interest to be applied to the afore-mentioned $960 debt is therefore 7.50%. (See Rachlin & Co. v. Tra-Mar, Inc., 33 A D 2d 370.)
Turning to the issue of interest as it relates to the sum of $4,140, defendants contend that the issuance and delivery of the check for this amount and the failure of the plaintiff to return the check constitute a ‘1 tender ’ ’ which stops the running of interest. Plaintiff contends that the check did not constitute a ‘6 tender ’ ’ and therefore he is entitled to interest on the said sum of $4,140 from June 2,1969, and at the rate of 7.50%.
At common law a tender is defined as an unconditional offer of payment in current coin of the realm of a sum not less than the amount due (59 N. Y. Jur., Tender, § 1). Payment by check not objected to is a valid tender (Myers v. Associates Discount Corp., 60 N. Y. S. 2d 691 ; Wright v. Robinson & Co., 84 Hun 172). In order to make the tender effectual to stop interest or for any purpose, the payor is bound to keep the tender good and to pay the money into court (Hills v. Place, 48 N. Y. 520 ; Becker v. Boon, 61 N. Y. 317 ; Bombas v. Fisher, 180 N. Y. S. 449). Defendants have admitted that payments under the agreement between the parties were to be made by defendant Stirling Bros., and they have admitted that Stirling Bros, and Stirling Homex Corp. owed the debt, except for the amount in dispute. The check which was tendered was that of Henrietta Construction Corp. N. Y. Jur. (§ 10) in discussing this says “As a general rule a tender, to be effectual, must be made by the obligor, primarily the debtor himself, but a tender may be equally as well by an authorized agent of the debtor where the creditor either knows that the agent is duly authorized, or has reasonable opportunity to inform himself that the agent has such authority ”, and continuing under this section at page 15, ‘ ‘ the tender of a payment by a stranger does not inure to the benefit of a debtor ”. The defendants have failed to establish the Henrietta Construction Corp. as their agent. It is required that the tender be unconditional. The tender here was to be either actually or impliedly in full payment of the debt, and therefore conditional (Brooklyn Bank v. De Grauw, 23 Wend. 342 ; Master Waterproofers v. Auserehl & Son Contr. Corp., 205 N. Y. S. 2d 401).
During the course of the pending action the defendants failed to make a tender pursuant to CPLB, 3219 or make an offer to liquidate damages conditionally pursuant to CPLB 3220 or make an offer to compromise pursuant to CPLB 3221, in order to stop the running of interest. In view of all of the foregoing, the delivery of the draft of Henrietta Construction Corp. in the *108 amount of $4,140 to the plaintiff on June 25, 1969 cannot be deemed to constitute a valid tender which operated to stop the running of interest.
Accordingly, the plaintiff is entitled to summary judgment against the defendants for the sum of $960, with interest at 7.50% from June 2,1969 to the date of the entry of judgment, together with interest at the rate of 7.50% on the sum of $4,140 from June 2, 1969 to November 2, 1970, together with the costs and disbursements of this action.