Arnold L. Fein, J.
Motion for an order punishing the defendant judgment debtor, Benjamin Miller, for contempt is granted and he is adjudged in contempt for failure to comply with the subpoena duly served upon him. As a judgment debtor he was not entitled to a witness fee (CPLR 5224, subd. [b]). He is fined in the sum of $250. He may purge himself of the contempt by paying the fine and submitting to examination at Special Term, Part II, of this court on November 4, 1971 at 10:00 a.m. In the event of his failure to do so, an ex parte order of commitment may issue.
So much of the motion as relates to Helen Miller, the wife of the judgment debtor, requires different treatment. Authorized traveling expenses and one day’s witness fees (CPLR 5224, subd. [b]; CPLR 2303) were not paid or tendered to her when she was served with the subpoena. However, prior to the return date of the subpoena, a check representing such expenses and witness fees was sent to and received by her. She contends *825 there was no lawful service of the subpoena, sufficient to ground a contempt finding, because the requisite expenses and fees were not tendered or paid to her at the time of service. Subdivision 3 of section 783 of the Civil Practice Act, one of the sections upon which CPLR 5224 is based, provided in pertinent part: “ a witness shall be paid his witness fee and mileage at the time of service.” (Emphasis supplied). There is no such clear mandate in either CPLR 5224 (subd. [b]) or CPLR 2303. Instead, both sections provide that the witness 1 ‘ shall be paid or tendered in advance authorized traveling expenses and one day’s witness fee.” (Emphasis supplied). The legislative history sheds no light as to the purpose of the change in verbiage. (See Prof. Joseph M. McLaughlin’s Supplementary Practice Commentary [1964], McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 2303 [1970-1971 Pocket Part, p. 30] referable to mailing the fees.)
In a case involving the amount of the fees and expenses to be tendered, and not the time of tender or payment, referable to CPLB 2303, it was stated ‘‘ that the witness should have been paid [the requisite sums] at the time of the service of the subpoena. ’ ’ (Matter of State Comm, for Human Rights v. Marrano, 45 Misc 2d 1092, 1093). Since the time of payment was not there involved, there was no need to consider or discuss the change in statutory language. If any purpose is to be attributed to the change in verbiage from “at the time of service” to “in advance ” and it is to be given any meaning, it must be concluded that CPLR 5224 (subd. [b]) and CPLR 2303 permit payment or tender of authorized traveling expenses and one day’s witness fee a reasonable time in advance of the return date of the subpoena and do not require such payment or tender to be made simultaneously with the service of the subpoena, although the latter is obviously more practicable and the better practice.
However, under all of the circumstances, and in the interest of justice, the court declines to punish Helen Miller for contempt at this stage. Helen Miller is directed to appear and submit to examination at Special Term, Part II, of this court on November 4, 1971 at 10 a.m. In the event of her failure so to appear, the court will entertain an application to renew the motion as to her.