ROBERT LEE GRIST, Appellant, v.
EVELYN G. OSGOOD, Respondent.

No. 7184

April 19, 1974 · 521 P.2d 368

*Janson F. Stewart,* of Las Vegas, for Appellant.

*Deaner and Deaner,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

At issue is whether the obligation of a drawer of dishonored uncertified checks to pay the same is discharged by failure of the payee to demand payment thereof within a reasonable time. The district court ruled that his obligation was not discharged and entered judgment for the payee.

The checks were held by the payee for more than 30 days after the date or issue[1] and, when finally presented for payment, were returned for lack of sufficient funds. This tardy presentment, however, does not per se discharge the drawer since

---

[1]NRS 104.3503(2): "A reasonable time for presentment is determined by the nature of the instrument, any usage of banking or trade and the facts of the particular case. In the case of an uncertified check which is drawn and payable within the United States and which is not a draft drawn by a bank the following are presumed to be reasonable periods within which to present for payment or to initiate bank collection:

"(a) With respect to the liability of the drawer, 30 days after date or issue whichever is later; . . . ."

the record does not show that the drawee bank became insolvent during the delay thereby depriving the drawer of funds with which to cover the checks.[2]

The claimed error with respect to the allowance of attorney fees and costs is not entertained since it is tendered without supporting authority. General Electric Co. v. Bush, 88 Nev. 360, 368, 498 P.2d 366 (1972).

Affirmed.

[2]NRS 104.3502: "1. Where without excuse any necessary presentment or notice of dishonor is delayed beyond the time when it is due:

"(a) Any endorser is discharged; and

"(b) Any drawer or the acceptor of a draft payable at a bank or the maker of a note payable at a bank who because the drawee or payor bank becomes insolvent during the delay is deprived of funds maintained with the drawee or payor bank to cover the instrument may discharge his liability by written assignment to the holder of his rights against the drawee or payor bank in respect of such funds, but such drawer, acceptor or maker is not otherwise discharged.

"2. Where without excuse a necessary protest is delayed beyond the time when it is due any drawer or endorser is discharged."