John D. Bennett, J.
Petitioners’ motion to strike the respondent’s affirmative defense of lack of jurisdiction is granted. Respondent, Yolanda Safuto, accepted a check for $3.20 which was tendered as compensation for her traveling expenses and witness’ fee as required by CPLR 2303. The *790 witness returned the check with a letter dated 10 days later and questioned jurisdiction on the grounds that the fee was tendered in an insufficient form.
Under the circumstances of this case the witness fees were properly paid by check. Although there is some authority for the proposition that the offer of a check is not proper tender for the payment of witness’ fees (Schneiderman v Doskocz, Civil Ct of City of NY, Queens County), a check is a valid medium of tender unless a timely objection is raised to the inadequacy of the form of payment. The lack of such timely objection results in the waiver of a right to receive cash (Matter of San Giacomo, 14 NY2d 615, and cases cited therein).
Counsel for respondent asserts that the witness did not waive her right to receive cash since she was unaware of her right. However, the order and check were served on the respondent on March 12, 1977. Respondent’s attorney rejected the check 10 days after the order and check were served upon the respondent in a letter dated March 22, 1977 which was postmarked several days later. Such an extensive delay cannot be excused on the grounds that the witness was unaware of her rights. If the witness or her attorney made a timely rejection of the check, the subpoena server would have had the opportunity to pay the witness fee in cash. However, the petitioners should not be prejudiced with the loss of jurisdiction by virtue of the respondent’s unreasonable delay in rejecting the check tendered. Checks have been successfully used for paying witness fees upon service of a subpoena (Osborne v Miller, 67 Misc 2d 824; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 2303:8, pp 211-212). The check in question was drawn on a local bank. It was easily negotiable and there was more than sufficient funds on deposit to cover the amount. Checks have become so generally recognized as an acceptable means of payment that an omission to properly reject such tender should be regarded as a waiver of the right to receive cash (Matter of San Giacomo, 14 NY2d 615, supra).
As to the second ground of respondent’s objection to the service of the subpoena, although the witness fees paid were not in compliance with the amount required by CPLR 8001 (subd [a]) ($2 attendance fee and 8 cents for each mile traveled), the difference is de minimis. Respondent has cited the case of Matter of State Comm. for Human Rights v Marrano *791 (45 Misc 2d 1092) where witness was underpaid by $1.94 in support of the proposition that a witness need not comply with a subpoena when the amount of the witness fees tendered does not meet the statutory requirements of CPLR 8001 (subd [a]). However, in Matter of Barbara (7 AD2d 340), a 72 cents difference between the amount of the required witness fees and the amount tendered was found so trifling that the subpoena was deemed valid. The instant case deals with the acceptance of a check in the amount of $3.20 rather than $3.44 or a 24 cents difference, considerably less than the Barbara case found to be so trifling. The tendering of insufficient witness fees does not here render service of the subpoena invalid, and the court retains jurisdiction over these proceedings.
The motion papers also request the court employ its authority under CPLR 325 (subd [e]) to transfer the declaratory judgment action commended in the Supreme Court of Nassau County to this court. This court’s aproval of the transfer is no longer necessary, as CPLR 325 (subd [e]) has been superseded by subdivision a of section 19 of article VI of the Constitution (Morse v Penzimer, 58 Misc 2d 156). Nevertheless this court has continued to render an advisory opinion which will allow the Supreme Court Justice to have the benefit of the Surrogate’s consideration of the transfer (Matter of Suchoff, 55 Misc 2d 284). Since the matters involved in the Supreme Court action relate to the affairs of a decedent, it is the opinion of this court that the action should be transferred here.