DANAHY, Judge.
Ozella Robinson, the plaintiff in the trial court, appeals from a judgment in favor of the defendant Warrene H. Brunson. Robinson contends that the trial court erred in finding that the defendant was not liable to the plaintiff on a promissory note. We agree and reverse.
Brunson is the personal representative of the estate of John Thomas Brunson, Sr., deceased. Robinson filed a complaint against the estate alleging that the deceased owed Robinson $4,500.00 plus interest under a promissory note executed on March 22, 1977. Brunson filed an answer and affirmative defense alleging payment of the note; Robinson filed an answer to the affirmative defense denying that pay-. ment had been made.
At trial it was established that the deceased had, simultaneously with the execution of the promissory note, given Robinson an undated check in the amount of $4,500.00. The check, however, was never presented to the bank for payment. Accordingly, we are faced with the question whether Robinson’s failure to present the check for payment discharges the underlying obligation. The Uniform Commercial Code clearly establishes that it does not, except in a very unusual situation which is not present in the case before us.
Section 673.802(l)(b), Florida Statutes (1977), provides that unless otherwise agreed, when a check is given for an underlying obligation, it suspends pro tanto the underlying obligation until the check is presented. Section 673.501(l)(c) provides that presentment is necessary to charge the drawer of the check, but this section apparently deals primarily with liability for the check itself and not the underlying obligation. Section 673.501(l)(c) specifically states that the “failure to make presentment discharges such drawer only as stated in § 673.3-502(l)(b).” That section provides that the drawer of the check is only discharged from the underlying obligation if presentment of the check is unreasonably delayed and the bank becomes insolvent during the delay; “but such drawer . . .is not otherwise discharged.”
The deceased was the drawer of the check. Assuming arguendo that Robinson delayed presentment of the check for an unreasonable time, the deceased’s estate is not discharged from the underlying liability because the bank did not become insolvent during the delay. Therefore, the trial court erred in not holding Brunson’s estate liable for the promissory note.
There was some evidence presented involving four relatively small payments of money from the deceased to Robinson. But since the uncontroverted evidence shows that these payments were not intended as payments on the promissory note, they cannot be offset against the note. Accordingly, the defense failed to prove the affirmative defense of payment by a preponderance of the evidence. The uncontroverted evidence' shows that the promissory note was given to Robinson by the deceased in consideration of a $4,500.00 loan. Although the deceased gave Robinson an undated check, Robinson’s failure to present that check for payment did not discharge the deceased from the underlying obligation.
The judgment for the defendant is reversed, and the case remanded to the trial court with instructions to enter judgment for the plaintiff on the amount of the note, plus interest as provided by its terms.
SCHEB, Acting C. J., and CAMPBELL, J., concur.