FERGUSON, Judge.
The sole question presented is when does the statute of limitations begin to run against a drawer in an action for wrongful dishonor of a check — on the date of issuance of the cheek or the date of presentment and dishonor?
Rose Tepper (appellant) was adjudicated an incompetent in December, 1982. On examination of her personal effects, a court-appointed guardian discovered a check for the sum of $6,068, dated January 4, 1974. The check was drawn to Rose Tepper by Citizens Federal Savings and Loan Association against its account with Jefferson National Bank. See Exhibit.
[[Image here]]
On December 20, 1982, appellant’s representative presented the check to the drawee bank, Jefferson National (not a party to this action), which refused payment. The representative then advised the drawer, Citizens Federal (appellee), of the dishonor. Citizens Federal orally notified appellant’s representative that it would neither honor nor refund the instrument. The guardian instituted this action against the drawer on July 12, 1983.
The trial court dismissed the guardian’s complaint on appellee’s motion, holding that “the statute of limitations began to run on the date of issuance of the check herein sued upon, [so the] action is barred by the applicable five year statute of limitations.” We reverse upon a holding that the statute of limitations begins to run against *1140 a drawer of a check on the date of presentment and dishonor.
Although there seems to be a dearth of Florida case law on the issue presented, appellant has found all the law necessary to a correct resolution. The decision here is based upon an application of clear statutes and is supported by several treatises.
A draft is a three-party instrument whereby the drawer orders the drawee to pay money to the payee. See J. White and R. Summers, Uniform Commercial Code § 13-1 (2d ed. 1980). A draft is also called a check when the drawee is a bank and the instrument is payable on demand. § 673.104(2)(b), Fla. Stat. (1983). A drawee is not liable on the instrument until there has been an acceptance. § 673.409. The drawee may, by accepting in writing on the instrument, agree to honor it as presented. § 673.410. By contrast, a drawee may reject the instrument, as by stamping insufficient funds on a check where the drawer’s deposited funds are less than the amount of the instrument. The act of accepting the instrument renders the drawee primarily liable as an acceptor. See § 673.414(1). Because there are no conditions precedent to its liability, a cause of action accrues against an acceptor in the case of a demand instrument on the date of the instrument or date of issue. § 673.122(l)(b)l.
The drawer, on the other hand, is only secondarily liable on the instrument, in that there are conditions precedent to liability. W. Hawkland, Commercial Paper 52 (2d ed. 1979). The normal conditions precedent include presentment to the drawee, dishonor, and notice of dishonor. Id.; see § 673.501. Therefore, a cause of action against the drawer of a draft accrues only upon demand following dishonor of the instrument. § 673.122(3). Notice of dishonor constitutes a demand. Id. This latter section is clearly dispositive of the issue presented, as a cause of action against the drawer herein, Citizens Federal, thus did not accrue until appellant’s representative received notice of dishonor from the drawee, Jefferson National Bank.
Florida case authority for the proposition that the statute of limitations begins to run against an issuing bank on a cashier’s check at the moment of issuance, Atlantic National Bank of West Palm Beach v. Havens, 45 So.2d 342 (Fla.1950), is distinguishable. A cashier’s check is a check on which the issuing bank acts as both the drawer and the drawee. Its own act of issuance renders the bank a drawee who has accepted the draft; thus the issuing bank becomes primarily liable as an acceptor. J. White and R. Summers, Uniform Commercial Code § 17-5 (2d ed. 1980). Presentment of a negotiable instrument is not necessary in order to establish liability against parties who are primarily liable. In such a case the statute of limitations begins to run on a demand instrument at the moment of issuance. W. Hawkland, Commercial Paper 42-43 (2d ed. 1979). As to parties secondarily liable, however, such as the drawer herein, there is no instant liability and thus no cause of action until demand following presentment and dishonor. H. Bailey, Brady on Bank Checks § 4.12 (5th ed. 1979).
The distinction between a cashier’s check where the issuing bank is primarily liable and other drafts, where the drawer is secondarily liable, is stated:
[Ujnder the Code, a cause of action against a certifying bank or a bank issuing a cashier’s check accrues on the date of the check (or date of issue if the check is undated). This means that the statute of limitations begins to run at that time and suit against the bank will be barred after the statute of limitations has run. But a cause of action against a drawer of a check does not accrue until demand following dishonor. This theoretically means that the time for bringing action against the drawer may be deferred indefinitely if there is no presentment for payment. H. Bailey, Brady on Bank Checks § 4.12 (5th ed. 1979).
Under Florida law an action may not be deferred indefinitely in all instances; instead, a drawer will be discharged from *1141 its liability if presentment is unreasonably delayed and the drawee bank becomes insolvent during the delay. § 673.502(1)(b); see also Robinson v. Brunson, 383 So.2d 964 (Fla. 2d DCA 1980).
In that appellee herein was the drawer of the instrument which is the subject of this action, and therefore only secondarily liable, a cause of action did not accrue against it until after demand following presentment and dishonor on December 20, 1982. The action for wrongful dishonor of the instrument was commenced timely.
Reversed and remanded.