In re PRINTREE, LTD., Debtor.

PRINTREE, LTD., Plaintiff,

v.

TRIBUTE KNITS, INC., and Mullis, Inc., d/b/a Millpoint Storage, Defendants.

Bankruptcy No. 79 B 1147(HCB).

United States Bankruptcy Court, S.D. New York.

June 4, 1984.

Lauritano & Schlacter, New York City, for plaintiff; Jeffrey S. Kaplan, New York City, of counsel.

Lester A. Lazarus, P.C., New York City, for defendant Tribute Knits, Inc.; Harvey F. Friedman, New York City, of counsel.

Weisfuse & Weisfuse, New York City, for Borlan Industries, Inc.; Martin H. Weisfuse, New York City, of counsel.

### DECISION & ORDER

HOWARD C. BUSCHMAN III, Bankruptcy Judge.

Borlan Industries, Inc. ("Borlan") requests, pursuant to Rule 59 of the Federal Rules of Civil Procedure, made applicable by Rule 9023 of the Rules of Bankruptcy Procedure ("Rules"), that this Court reconsider its order holding Borlan in contempt

for failing to attend at the trial of this matter as commanded by subpoena.

In conjunction with the trial of this adversary proceeding scheduled for February 6, 1984, the Clerk of the Court issued a *subpoena duces tecum* to Borlan, returnable on that date. The subpoena was received by Borlan on January 17, 1984.[1] No representative of Borlan appeared, however, at the trial. Both sides proceeded. From the evidence it became clear that Borlan's testimony was highly material since the dispute involves certain goods ordered by the plaintiff from Tribute Knits, Inc. ("Tribute") which Tribute had contracted to obtain from Borlan. By mid-afternoon, the trial had to be halted due to Borlan's failure to appear. Tribute thereupon moved, by Order to Show Cause dated February 8, 1984, to have Borlan held in contempt pursuant to Rule 9016 of the Rules of Bankruptcy Procedure ("Rules") and Federal Rule of Civil Procedure ("FRCP") 45(f). At the February 16, 1984, hearing on the motion, this Court, in Borlan's presence, ordered on the record that Borlan be held in contempt and directed that a subsequent hearing be held to determine an appropriate award of compensatory damages.

In seeking to vacate this Court's Order holding it in contempt, Borlan primarily argues that Allbinder improperly tendered the fees required by FRCP 45(c) by means of an attorney's check rather than cash. Borlan does not, however, dispute the adequacy of the amount of fees so tendered.

The notice of motion, however, was filed eighteen days after the expiration of the ten day period mandated by FRCP 59(c) for the making of such motions. In urging that its motion was, nevertheless, timely, Borlan notes that the rule requires such a motion to be made within "ten days after

entry of the judgment." It, therefore, contends that the ten day period has not yet to commence since the Court's order was on the record and not in the form of a written order entered on the docket maintained by the Clerk of the Court.

█ Such a contention must be rejected. Its obvious consequence is that motions to reconsider the bases for orders on the record may be made for an indefinite period until transcripts are prepared and docketed. As such it is untenable, especially in cases where, as here, the affected party is present at the time of its rendition. *See Matter of LaMarre*, 494 F.2d 753, 578 (6th Cir.1974) (stating that an order given on the record in the presence of the person concerned is deemed to have been entered).

Secondly, were Borlan's motion to be addressed pursuant to Rule 60(b) FRCP, made applicable by Rule 9024 of the Rules, its contention that the tendering of an attorney's check is not contemplated by FRCP 45(c) in its requirement of "tendering to [the person named in the subpoena] the fees for one day's attendance and the mileage allowed by law" would fail on the merits.

█ There is scant, if any, authority directly addressing this issue; the Rule does not appear expressly to require cash and it seems that the practice of tendering fees by attorney's check is not uncommon. *See, e.g., Oakley v. Norfolk and Western Railway Co.*, 42 F.R.D. 653, 654 (D.E.D.Va. 1967). But little justification exists in this increasingly cashless society for requiring mileage fees to be tendered in cash in preference to an attorney's check. To the extent that it might be said that the Rule should be interpreted to afford fair assurance that a subpoenaed witness will be paid the fees required, an attorney's check should be deemed sufficient. It is drawn

---

1. An attorney, Wayne Allbinder, associated with the firm representing a defendant in the proceeding, Tribute Knits, Inc., asserts that he personally served Leonard Grinberg, a principal of Borlan, on that date. Grinberg, on the other hand, avers that Allbinder was not admitted to the office but instructed by a Borlan employee to leave the papers in the hall outside of Bor-

lan's office. He further contends that, after Allbinder left the premises, the papers and an attorney's check for fees were taken in by Borlan. Borlan does not dispute the fact that it received the subpoena; indeed, it claims that after receiving the subpoena it contacted its attorney regarding its obligation to produce the documents called for therein.

under significant constraints. An attorney is subject to severe sanctions, including disbarment, for tendering a check drawn on insufficient funds. *See, e.g., In re Kaufman*, 32 A.D.2d 358, 302 N.Y.S.2d 165 (1st Dept.1969); *In re Vyner*, 12 A.D.2d 10, 207 N.Y.S.2d 829 (1st Dept.1960); *In re Buttles*, 23 A.D.2d 446, 261 N.Y.S.2d 461 (1st Dept.1965); *In re Kaufman*, 29 A.D.2d 298. 287 N.Y.S.2d 437 (1st Dept. 1968). The serious potential consequences of dishonor affords an attorney's check with a measure of reliability for exceeding checks drawn by non-attorneys.

Furthermore, a check is not, as Borlan contends, merely a promise to pay. "It is a direction to the bank for immediate payment, is a medium of exchange, and has come to be treated for federal tax purposes as a conditional payment of cash." *Don E. Williams Co. v. Commissioner of Internal Revenue*, 429 U.S. 569, 583, 97 S.Ct. 850, 51 L.Ed.2d 48 (1977). Indeed, for purposes of determining the existence of a preference under § 547 of the United States Bankruptcy Code, 11 U.S.C. (the "Code"), it has come to be recognized that "payment of a debt by means of a check is equivalent to a cash payment, unless the check is dishonored. Payment is considered to be made when the check is delivered for purposes of §§ 547(c)(1) and (2)." 124 Cong. Rec. H 11097 (daily ed. Sept. 28, 1978) and S 17414 (daily ed. Oct. 6, 1978) cited in Appendix 3 *Collier on Bankruptcy* (15th ed.1979); *see, also, O'Neill v. Nestle Libbys P.R., Inc.*, (1st Cir.1984), 729 F.2d 35 (Levin H. Campbell, C.J.); *In re Sider Ventures & Services Corp.*, 33 B.R. 708, 712 (Bkrtcy.S.D.N.Y.1983).

Similarly, § 3–802(1)(b) of the Uniform Commercial Code ("UCC"), provides that

the delivery of a check as payment suspends, *pro tanto*, the underlying obligation until presentment. A discharge of the check discharges the obligation. If, however, the check is dishonored, the payee may maintain an action either on the obligation or the instrument. N.Y. U.C.C. § 3–802(1)(b); *See, also, Robinson v. Brunson*, 383 So.2d 964 (Fla.App.1980). As such, a subsequently honored check is the practical equivalent of cash.

Here, the check was delivered twenty (20) days before the date of the hearing at which Borlan was commanded to appear. There was more than ample time to present the check for payment to the drawee bank. Given the absence of any claim of dishonor, the attorney's check must be deemed to have discharged the obligation.

In addition, by failing to raise the issue until long after tender of the check and after the contempt hearing, Borlan must be deemed to have waived its claim. This conclusion results from the rule that an objection by the payee to a check as an unacceptable medium of tender must be made substantially contemporaneously with its delivery. *See In re San Giacomo Estates*, 14 N.Y.2d 615, 248 N.Y.S.2d 892, 198 N.E.2d 268 (1964). Payment by check, absent such a specific objection, constitutes a valid tender. *Murphy v. Stirling*, 66 Misc.2d 105, 320 N.Y.S.2d 183 (1971).

In the present case, Borlan raised no objection to the check as a proper medium of tender until long after both its delivery and the contempt hearing. By then the objection was untimely and had been waived.[2]

For the foregoing reasons, the motion to reconsider this Court's Order of February

**2.** Borlan also contends that the subpoena was improperly served, alleging that it was left in the hall outside of Borlan's offices, at Leonard Grinberg's request. It did not press this contention at oral argument. Since Borlan admits receiving the subpoena on the stated date, and since the movant did not choose to support contention with a memorandum of law ad-

dressed to this issue, as required by Rule 3(b) of the Civil Rules of the United States District Court for the Southern District of New York, adopted by the undersigned on June 14, 1983, this Court will not consider the assertion. Pursuant to that Rule, that branch of Borlan's motion is denied.

16, 1984, holding Borlan in contempt is denied.

It is SO ORDERED.