**Antoine F. HARIK, Ph.D.**
**Plaintiff–Appellant,**

v.

**Salim HARIK, Ph.D.**
**Defendant–Appellee.**

No. 87–2173.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 29, 1988.

Decided Nov. 10, 1988.

---

Andrew K. Light, Lynne D. Lidke, James H. Hanson (argued), Scopelitis, Garvin & Wickes, Indianapolis, Ind., John W. Ester, Matheson, Parr, Schuler, Ewald, Ester & Cooke, Bloomfield Hills, Mich., for plaintiff-appellant.

Bradley J. Melampy (argued), Conlin, Conlin, McKenney & Philbrick, Ann Arbor, Mich., for defendant-appellee.

Before KEITH, GUY and RYAN, Circuit Judges.

RALPH B. GUY, Jr., Circuit Judge.

Plaintiff brought this diversity action as holder of defendant's personal check to recover the sum of $50,000. Plaintiff asserted that the check was dishonored upon presentment at the drawing bank, and therefore he seeks to recover the amount from defendant. The district court held that plaintiff's claim was barred by the Michigan statute of limitations and plaintiff appealed. We hold that plaintiff's complaint was filed within the limitations period prescribed by the Michigan statute, and therefore we reverse the decision of the district court which granted summary judgment to the defendant.

I.

On March 1, 1980, plaintiff Antoine Harik received from defendant Salim Harik an uncertified personal check (the check) for $50,000 drawn on the National Bank and Trust Company of Michigan.

Plaintiff presented this check to the drawing bank on December 14, 1982. The check was dishonored due to a stop payment order dated April 7, 1980, and also with the notation, "stale dated." On July 8, 1987, plaintiff filed this suit in district court to enforce the $50,000 contract which the check comprised.

II.

Plaintiff's sole assertion on appeal is that the district court erred in determining that plaintiff's claim is barred by the applicable Michigan statute of limitations. All parties agree that the relevant statute is Mich.Comp.Laws Ann. § 600.5807(8) which provides for a six-year limit in which to bring an action on a personal negotiable instrument.[1]

---

1. Mich.Comp.Laws Ann. § 600.5807 (West 1967) states:

However, in this case the determinative factor is upon which date the statute of limitations commenced to run. Following a review of the Michigan Uniform Commercial Code, we find that the statute of limitations commenced to run on December 14, 1982, and therefore plaintiff filed his complaint within the six-year limit.

Michigan statutory law clearly provides the time at which a cause of action accrues against the drawer of a check. The relevant section states:

**440.3122 Accrual of cause of action; interest**

Sec. 3122. (1) A cause of action against a maker or an acceptor accrues

(a) in the case of a time instrument on the day after maturity;

(b) in the case of a demand instrument upon its date or, if no date is stated, on the date of issue.

(2) A cause of action against the obligor of a demand or time certificate of deposit accrues upon demand, but demand on a time certificate may not be made until on or after the date of maturity.

(3) *A cause of action against a drawer of a draft or an indorser of any instrument accrues upon demand following dishonor of the instrument. Notice of dishonor is a demand.*

**600.5807. Damages for breaches of contract; specific performance; fiduciary bonds; deeds; mortgages; surety bonds; appeal bonds; public obligations.**
Sec. 5807. No person may bring or maintain any action to recover damages or sums due for breach of contract, or to enforce the specific performance of any contract unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.
(1) The period of limitations on actions charging any surety on any bond of any executor, administrator, guardian is 4 years after the discharge of the executor, administrator, or guardian.
(2) The period of limitations is 10 years for actions founded upon bonds of public officers.
(3) The period of limitations on actions founded upon bonds executed under sections 41.80 and 41.81 of the Compiled Laws of

(4) Unless an instrument provides otherwise, interest runs at the rate provided by law for a judgment

(a) in the case of a maker, acceptor or other primary obligor of a demand instrument, from the date of demand;

(b) in all other cases from the date of accrual of the cause of action. P.A. 1962, No. 174, § 3122, Eff. Jan. 1, 1964, as amended P.A. 1964, No. 250, § 1, Eff. Aug. 28.

Mich.Comp.Laws Ann. § 440.3122 (emphasis added). A draft is an instrument in which a drawer orders a drawee to pay money to a payee. A check is a draft in which the drawee is a bank and the instrument is payable upon demand. *See* Mich. Comp.Laws Ann. § 440.3104 (West 1967).

■ When plaintiff presented the check to the bank on December 14, 1982, and the bank dishonored the check, plaintiff then had notice of his cause of action against defendant, and the limitations statute commenced to run. Plaintiff was excused from providing defendant with notice of dishonor or demand because defendant had placed a "stop-payment order" on the check and therefore had no reason to expect that the check would be paid by the bank. The relevant Michigan statute which excuses the requirement of demand provides in part:

**440.3511 Presentment, protest, notice of dishonor; waiver, excuse, delay**

1948, is 2 years after the expiration of the year for which the constable was elected.
(4) The period of limitations is 10 years for actions founded upon covenants in deeds and mortgages of real estate.
(5) The period of limitations is 2 years for actions charging any surety for costs.
(6) The period of limitations is 2 years for actions brought on bonds or recognizances given on appeal from any court in this state.
(7) The period of limitations is 10 years for actions on bonds, notes, or other like instruments which are the direct or indirect obligation of, or were issued by although not the obligation of, the state of Michigan or any county, city, village, township, school district, special assessment district, or other public or quasi-public corporation in the state of Michigan.
(8) The period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract.

Sec. 3511. (1) Delay in presentment, protest or notice of dishonor is excused when the party is without notice that it is due or when the delay is caused by circumstances beyond his control and he exercises reasonable diligence after the cause of the delay ceases to operate.

(2) Presentment or notice or protest as the case may be is entirely excused when

(a) the party to be charged has waived it expressly or by implication either before or after it is due; or

(b) such party has himself dishonored the instrument or has countermanded payment or otherwise has no reason to expect or right to require that the instrument be accepted or paid;....

Defendant, however, argues that plaintiff was required to present the check to the bank within thirty days of the date of issue, which was March 1, 1980. Defendant cites to Mich.Comp.Laws Ann. § 440.3503 (West 1967) as authority for this thirty-day requirement. That statutory section provides:

**440.3503  Presentment; time**

Sec. 3503. (1) Unless a different time is expressed in the instrument the time for any presentment is determined as follows:

(a) where an instrument is payable at or a fixed period after a stated date any presentment for acceptance must be made on or before the date it is payable;

(b) where an instrument is payable after sight it must either be presented for acceptance or negotiated within a reasonable time after date or issue whichever is later;

(c) where an instrument shows the date on which it is payable presentment for payment is due on that date;

(d) where an instrument is accelerated presentment for payment is due within a reasonable time after the acceleration;

(e) with respect to the liability of any secondary party presentment for acceptance or payment of any other instrument is due within a reasonable time after such party becomes liable thereon.

(2) *A reasonable time for presentment is determined by the nature of the instrument,* any usage of banking or trade and the facts of the particular case. *In the case of an uncertified check which is drawn and payable within the United States and which is not a draft drawn by a bank the following are presumed to be reasonable periods within which to present for payment or to initiate bank collection:*

(a) *with respect to the liability of the drawer, 30 days after date or issue whichever is later;* and

(b) with respect to the liability of an indorser, 7 days after his indorsement.

(3) Where any presentment is due on a day which is not a full business day for either the person making presentment or the party to pay or accept, presentment is due on the next following day which is a full business day for both parties.

(4) Presentment to be sufficient must be made at a reasonable hour, and if at a bank during its banking day. P.A. 1962, No. 174, § 3503, Eff. Jan. 1, 1964.

(Emphasis added).

The district court was apparently persuaded by this section, and held that, since the check should have been presented within thirty days, plaintiff's cause of action commenced to run on March 30, 1980, and therefore the action was time-barred.[2] However, section 440.3503 must be read in conjunction with section 440.3502, which sets forth the *effect* of presentment beyond the thirty-day period. Section 440.3502 provides in its entirety:

**440.3502  Same; unexcused delay, discharge**

---

**2.** The district court was apparently also influenced by the "stale dated" notation on the check. Michigan's Stale Check Law states:

**440.4404.  Payment of checks more than 6 months old.**

A bank is under no obligation to a customer having a checking account to pay a check other than a certified check, which is presented more than six months after its date, but it may charge its customer's account for a payment made thereafter in good faith.

This section has no effect on the drawer's liability to the payee and, furthermore, is consistent with our finding today that a drawer remains liable on a check presented to the bank more than thirty days after issue.

Sec. 3502. (1) Where without excuse any necessary presentment or notice of dishonor is delayed beyond the time when it is due

(a) any indorser is discharged; and

(b) any drawer or the acceptor of a draft payable at a bank or the maker of a note payable at a bank who because the drawee or payor bank becomes insolvent during the delay is deprived of funds maintained with the drawee or payor bank to cover the instrument may discharge his liability by written assignment to the holder of his rights against the drawee or payor bank in respect of such funds, but such drawer, acceptor or maker is not otherwise discharged.

(2) Where without excuse a necessary protest is delayed beyond the time when it is due any drawer or indorser is discharged. P.A. 1962, No. 174, § 3502, Eff. Jan. 1, 1964.

■ Therefore, plaintiff's holding of the check beyond the thirty-day reasonable presentment period did not discharge the liability of defendant, the drawer of the check. The drawer would only be discharged from liability if presentment was unreasonably delayed *and* the drawee bank became insolvent during the delay. *See Tepper v. Citizens Federal Sav. and Loan Assoc.*, 448 So.2d 1138 (Fla.Dist.Ct.App. 1984); *Grist v. Osgood*, 90 Nev. 165, 521 P.2d 368 (1974). In *Tepper,* the holder of a check dated January 4, 1974, was declared an incompetent in December, 1982. The court-appointed guardian discovered the check and presented it to the bank on December 20, 1982, where it was dishonored. The court held that the action, filed July 12, 1983, was instituted within the applicable five-year statute of limitations because the statute commenced to run upon notice and dishonor. *Tepper,* 448 So.2d at 1139–40. In *Grist,* checks were held by the payee for more than thirty days after issue. The court held that this delay did not discharge the drawer's liability since the drawee bank did not become insolvent during the delay. *Grist,* 90 Nev. at 165–66, 521 P.2d at 368.

**3.** The parties dispute the actual date of the stop-payment order. However, based on our holding that the statute of limitations commenced upon

We also reject defendant's contention that the statute of limitations began to run, at the latest, on April 7, 1980, when defendant placed a "stop-payment order" on the check.[3] Plaintiff had no means of knowing that this "stop-payment order" was in effect until he presented the check at the bank on December 14, 1982, and thus the "stop-payment order" served as no notice to him that the check would be dishonored.

Finally, we reject defendant's argument that our holding that the statute of limitations commences to run upon presentment and dishonor allows a potential plaintiff payee to indefinitely suspend the statute of limitations. This appeal, involving the granting of a summary judgment motion, presents only a very narrow issue for review, and does not implicate other possible defenses available to a drawer when a payee presents a check at a bank two years and eight months after it is issued. *See* Mich.Comp.Laws Ann. § 440.3307 (West 1967). Our holding today is limited to an interpretation of the Michigan statutes on which the summary judgment was predicated.

The decision of the district court awarding summary judgment to the defendant is REVERSED.

presentment and dishonor, the actual date of the stop-payment order is not relevant to the holding of this case.