PER CURIAM.
Forbes Equities (Forbes) appeals from an order denying its motion to dismiss for lack of personal jurisdiction. We reverse and remand with direction to dismiss the action.
Appellee, AMR Combs Florida Inc. (AMR), a Florida Corporation, filed a four count complaint against Dulles Equities, Inc. (Dulles) and Forbes. In count four of the complaint, AMR alleged that Forbes executed and delivered two checks to AMR. The drawee bank refused payment for both checks and AMR demanded judgment against Forbes for the amount of the checks together with prejudgment and postjudgment interest. With respect to the trial court’s jurisdiction over Forbes, AMR merely alleged that the checks were issued for payment in Broward County (paragraph three) and that the checks were delivered to AMR (paragraph eleven).
Forbes, a Virginia corporation, filed a motion to dismiss the complaint based on AMR’s failure to plead a sufficient jurisdictional basis to enable Florida courts to assume personal jurisdiction over Forbes. Forbes attached the affidavit of Jennifer Forbes to its motion to dismiss. The affidavit stated that: (1) Forbes has not qualified to do business in Florida; (2) Forbes has never transacted any business in Florida; (3) Forbes has no knowledge whether AMR is a Florida corporation; (4) Forbes has had no business dealings with AMR; (5) AMR has performed no services for Forbes nor has Forbes had any contract with AMR; (6) Forbes believes that AMR’s action is predicated on performance of work on an airplane; (7) Forbes has never had any interest in an airplane; and (8) Forbes has no interest in any services performed by AMR.
*940 At the hearing on Forbes’ motion, counsel argued that AMR had failed to plead sufficient jurisdictional facts to bring the instant action within Florida’s long arm statute and that Forbes had insufficient minimum contacts with Florida to satisfy the constitutional requirements. We agree.
We reject AMR’s argument that the complaint alleges sufficient jurisdictional facts to bring the instant action within the ambit of section 48.193(l)(g), Florida Statutes (1991). That section provides that a person submits himself to the jurisdiction of this state by: “Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.” § 48.193(l)(g), Fla.Stat. (1991) (emphasis added).
While AMR asserts that the checks which are the subject matter of this action are negotiable instruments which represent obligations by Forbes to pay money to AMR, Forbes was not a party to any contract with AMR that required payment in Florida. As Forbes alleges, by virtue of the check, Forbes ordered the drawee, Sov-ran Bank, to pay money to the payee, AMR. See generally Tepper v. Citizens Federal Sav. & Loan Ass’n, 448 So.2d 1138 (Fla. 3d DCA 1984). The checks themselves reveal that they were drawn on a Virginia bank by a Virginia Corporation. Consequently, AMR technically presented the check for payment in Virginia and the payment was refused in Virginia. As Forbes alleges, the cases cited by AMR are inapposite because they all involve contracts which required, either expressly or implicitly, payment in Florida.
AMR has failed to meet the first part of the jurisdictional test. The allegations of the complaint were insufficient to establish jurisdiction pursuant to Florida’s long arm statute, section 48.193, Florida Statutes (1991).
GLICKSTEIN, C.J., and WARNER and POLEN, JJ., concur.