[598 NYS2d 797]

In the Matter of JEROME D. COHEN (Admitted as JEROME DAVID COHEN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 7, 1993

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* Westbury *(Nancy A. Bolger* of counsel), for petitioner.

*Jerome Karp,* Brooklyn, for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with one allegation of professional misconduct. The Special Referee sustained the charge. The petitioner Grievance Committee now moves to confirm the report and supplemental report of the Special Referee and the respondent cross-moves to disaffirm.

The charge alleged that the respondent was guilty of professional misconduct adversely reflecting on his fitness to practice law based on the adjudicated findings of fact of the Court of Appeals with respect to the respondent's removal as a Supreme Court Justice *(see, Matter of Cohen,* 74 NY2d 272).

The respondent was elected a Civil Court Judge in the City of New York and served in that capacity from January 1, 1980, to December 31, 1984. He served as a Supreme Court Justice from January 1, 1985, until his removal in 1989.

In his capacity as Civil Court Judge, the respondent approved settlements involving infants and specified the institution in which the funds were to be deposited until the infants attained majority. In numerous cases, the respondent ordered that such settlements be deposited in the HYFIN Credit Union (hereinafter HYFIN). The respondent had obtained several personal loans from that institution.

In 1987, the Commission on Judicial Conduct served the respondent with a complaint alleging misconduct with respect to his loans from HYFIN and his judicial acts designating it as depository for the proceeds of the settlement of infants' claims. The complaint alleged, *inter alia,* that all of the respondent's payments on the loans were credited to principal, that he knew he was receiving interest-free loans, and that his orders directing that infants' funds be deposited in HYFIN created at least an appearance of an "understanding" with HYFIN that he would continue to receive favorable treatment on his loans.

In its determination of October 28, 1988, the Commission on Judicial Conduct sustained two charges of judicial misconduct.

The Court of Appeals affirmed the following findings of fact of the Commission on Judicial Conduct:

(1) On June 14, 1979, the respondent met with Edmund Lee, Treasurer and Chief Executive Officer of HYFIN, for the

purpose of procuring a loan to finance his campaign for the Civil Court.

(2) Lee thereafter approved and HYFIN granted the following loans to the respondent:

| Date | Amount | Specified Rate |
|------|--------|----------------|
| June 14, 1979 | $ 5,000 | 12% |
| August 8, 1979 | 10,000 | 12% |
| August 31, 1979 | 10,000 | 12% |
| November 18, 1981 | 5,000 | 12% |
| January 26, 1983 | 7,500 | 6% |
| April 16, 1984 | 15,000 | 6% |
| January 30, 1985 | 25,000 | 10% |
| January 30, 1985 | 50,000 | 10%. |

(3) The respondent paid interest on his loans at the specified rates during 1979 and after September 30, 1985.

(4) Between January 1, 1980, and September 30, 1985, the respondent paid no interest on any of his loans. With respect to payments made by the respondent during that interval, some of which were credited to interest and some of which were apportioned in part to interest and in part to principal, adjustments were subsequently made to credit the full amount to reduce principal. At least some of the adjustments were made as the result of complaints by the respondent that a portion of his payments had been applied to interest. HYFIN waived $14,889.70 in interest payments on the respondent's loans during that interval.

(5) The respondent took income tax deductions for interest paid on loans in 1979 and 1985 but not for the period 1980 through 1984.

(6) Between February 4, 1980, and May 1, 1984, the respondent designated HYFIN as depository for infants' funds in 56 cases, totaling $244,503.14 in deposits, notwithstanding that no other Judge had previously done so. The respondent never designated any other credit union as depository. At that time, he was receiving loans from HYFIN on terms not available to most other borrowers.

The Court of Appeals accepted the determination of the Commission on Judicial Conduct and ordered the respondent's removal from his judicial office, finding that he had created the damaging impression that his judicial decisions were influenced by personal profit motives.

We conclude, based on the evidence adduced, that the Special Referee properly sustained the charge. It is well-settled that the Court's power to discipline an attorney extends to misconduct other than professional malfeasance when such conduct reflects adversely upon the legal profession and is not in accordance with the high standards imposed on members of the Bar (see, Matter of Nixon, 53 AD2d 178, 181-182, citing Matter of Dolphin, 240 NY 89, 92-93; Matter of Kaufman, 29 AD2d 298). As in Nixon, the gravamen of the respondent's conduct, obstruction of due administration of justice, is rendered even more grievous because the respondent was in a position of public trust. As set forth in Matter of Malone (105 AD2d 455, 458, affd 65 NY2d 772, for reasons stated at App Div): "a lawyer who holds public office must not only fulfill the duties and responsibilities of that office, but must also comply with the Bar's ethical standards".

By virtue of his office, the respondent engaged in an improper exchange of benefits with HYFIN. As a quid pro quo for the receipt of favorable interest rates and the actual waiver of interest on most of his loans from HYFIN, the respondent designated HYFIN as depository for infants' funds in an inordinate number of cases. Such conduct constitutes a serious breach of trust.

The respondent's conduct in ordering infants' funds to be deposited in an institution where he was receiving favorable treatment on personal loans was deemed sufficiently grave to warrant his removal from the Bench. In determining an appropriate measure of discipline to impose, we reject his contention that no further sanction is warranted. Impartiality and integrity are among the most essential attributes of members of the judiciary. An officeholder who has held a position for a number of years and who has acted as if his or her decisions could be motivated by personal gain has fallen short of the high standard of conduct expected of him or her.

The public is justifiably entitled to believe that anyone holding a license to practice law in the courts of this State possesses good moral character and is fit to be entrusted with the duty of protecting the interests of others. Inasmuch as that belief has been irreparably tarnished by the respondent's conduct, he is disbarred. While not every act which occasions an official's removal from office also warrants his or her disbarment, the most severe of sanctions is warranted here inasmuch as the evidence establishes that the respondent used

his office for his own personal gain and, by virtue of the exchange of benefits with HYFIN, breached the public trust.

BRACKEN, J. P., BALLETTA, ROSENBLATT, RITTER and COPERTINO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted and the cross motion to disaffirm the Referee's report is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Jerome D. Cohen, admitted under the name Jerome David Cohen, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Jerome D. Cohen, admitted under the name Jerome David Cohen, is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.