■ In the Matter of JACK BORGENICHT et al., Respondents, v RICHARD BLOCH, Appellant. BRIAN J. OBERMAN, Nonparty Appellant. [719 NYS2d 654] —Orders and judgments (one paper), Supreme Court, New York County (Franklin Weissberg, J.), both entered on or about October 15, 1999, which granted petitioners' motion (1) to hold respondent in contempt for refusing to comply with an order and subpoena directing his appearance at deposition pursuant to a commission issued by a New Jersey court, and fined respondent $1,750, and (2) to sanction respondent's attorney for frivolous conduct, and directed respondent's attorney to pay $1,750 to the New York State Commissioner of Taxation and Finance, unanimously affirmed, with one bill of costs.

As accurately characterized by the IAS Court, respondent's more than year-long avoidance of petitioners' attempts to take his deposition, authorized by the New Jersey court in October 1997, were "studious." Such avoidance included a successful challenge to a prior contempt motion on the ground that the subpoena witness fee required by CPLR 2303 was never tendered. The subject subpoena, along with a check representing payment of the required witness fee, was served on respondent by delivery thereof to his attorney, as permitted by a prior court order, on February 5, 1999, a month before the scheduled deposition date of March 4, 1999. On February 24, 1999, petitioners' attorney telephoned respondent's attorney to

confirm that respondent would be appearing, and was told by respondent's attorney that he was not sure; on March 1, 1999, petitioners' attorney again called respondent's attorney, and was told that respondent would not be appearing. On March 2, two days before the scheduled deposition, respondent's attorney, by fax, advised petitioners' attorney that respondent would not be appearing because "checks are not acceptable." It suffices to say that there was not so much as a hint of any such objection before this fax. Respondent's claim that he was in Japan on a previously planned business trip and, upon returning to New York on March 1, promptly rejected the check, is specious, absent evidence as to when respondent left for Japan, and why communication with his attorney while he was away was not possible. Respondent's actions were calculated to impede petitioners' right to take his deposition (Judiciary Law § 753 [A] [5]), and his attorney's eve-of-deposition excuse for not appearing at the deposition was frivolous (22 NYCRR 130-1.1 [c] [1]; *cf.*, *Matter of Dertinger*, 90 Misc 2d 789). The amounts of the fine and sanction are appropriate. Concur—Rosenberger, J. P., Mazzarelli, Wallach, Saxe and Buckley, JJ.