In the Matter of HERMAN SCHNER, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, May 13, 1958.

*Raymond P. Whearty* of counsel (*Frank H. Gordon,* attorney), for petitioner.

No appearance by respondent.

*Per Curiam.* Charges accusing respondent of issuing not less than 65 checks against his personal account — which were returned unpaid because of insufficient funds — and of neglecting the prosecution of a client's claim and misrepresenting its court status to his client have been sustained by the Referee. The evidence fully supports the conclusions. In extenuation, the Referee points to the absence of proof that any indebtedness for which the checks were drawn remained unsatisfied or that the checks were issued in connection with respondent's professional activities. Moreover, as to the charge of negligence and misrepresentation in the handling of the client's accident claim, it was shown that the client obtained a judgment against respondent for damages suffered as a consequence of respondent's neglect and that the judgment was wholly satisfied.

However, disciplinary proceedings are not conducted for the purpose of indirectly enforcing civil remedies or of giving redress for wrongs done. The power to discipline attorneys is invoked to protect the court and the public against unprofessional practices and to determine whether an attorney may properly be permitted to continue as a member of the profession after proof of misconduct.

Respondent did not file any answer to the charges leveled against him, did not appear to defend himself before the Referee and did not submit any papers on the application to confirm the Referee's report. Such inaction is not only construed to constitute an admission of the charges but also an indifference to the consequences of an adverse determination. In 1951, this

court censured respondent (*Matter of Schner,* 278 App. Div. 138). He has nevertheless continued to violate his obligations to the court and to the public although there is no evidence of repetition of the misconduct for which he was censured.

Respondent has, in our opinion, demonstrated his moral unfitness to continue as a member of the profession. He should be disbarred.

RABIN, J. P., FRANK, VALENTE, McNALLY and STEVENS, JJ., concur.

Respondent disbarred.