In the Matter of RICHARD M. NIXON, an Attorney, Respondent.

ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, July 8, 1976

*John G. Bonomi, Arthur L. Liman, Lewis A. Kaplan* and *Ronald W. Meister* for petitioner.

*Per Curiam.* The respondent, formerly the President of the United States, is an attorney, admitted to the practice of law in the State of New York on December 5, 1963.

An investigation of allegations of professional misconduct on the part of respondent was begun by the Grievance Committee of the Association of the Bar of the City of New York in September, 1974.

A petition containing five specifications of misconduct was mailed to Mr. Nixon's attorney on January 21, 1976, which attorney ultimately informed counsel to petitioner that Mr. Nixon would not accept service of the papers.

On January 28, 1976, personal service was attempted via the Sheriff's office of Orange County, California. When this attempt was unsuccessful, an order of this court dated February 4, 1976 authorized service of the necessary papers upon Mr. Nixon by regular mail addressed to Casa Pacifica, San Clemente, California.

The material mailed included a notice that responsive papers were due before February 19, 1976. On March 18, 1976, the Appellate Division directed a reference and appointed a Justice of the Supreme Court, New York County to take testimony regarding the specifications alleged. Copies of the order of reference and notice of conference were mailed to the respondent.

Mr. Nixon has neither responded personally nor appeared by counsel. No papers have been filed with the court on his behalf, nor has he served any papers upon the petitioner.

The specifications, succinctly stated, allege that Mr. Nixon

improperly obstructed an FBI investigation of the unlawful entry into the headquarters of the Democratic National Committee; improperly authorized or approved the surreptitious payment of money to E. Howard Hunt, who was indicted in connection with the Democratic National Committee breakin, in order to prevent or delay Hunt's disclosure of information to Federal law enforcement authorities; improperly attempted to obstruct an investigation by the United States Department of Justice of an unlawful entry into the offices of Dr. Lewis Fielding, a psychiatrist who had treated Daniel Ellsberg; improperly concealed and encouraged others to conceal evidence relating to unlawful activities of members of his staff and of the Committee to Re-elect the President; and improperly engaged in conduct which he knew or should have known would interfere with the legal defense of Daniel Ellsberg.

Each of the allegations is substantiated by documentary evidence, such as the tapes of Mr. Nixon himself, excerpts of testimony of individuals given to various Congressional committees, and affidavits. This material, which is uncontested and unrebutted, forms a prima facie case and warrants our sustaining of the charges.

The failure of the respondent to answer the charges, to appear in the proceeding, or to submit any papers on his behalf must be construed by this court as an admission of the charges and an indifference to the attendant consequences (*Matter of Liesner,* 43 AD2d 223; *Matter of Schner,* 5 AD2d 599, 600).

As we have already indicated, we find the documentary evidence submitted sufficient to sustain all of the charges preferred.

At this juncture, we pause to consider the points advanced in the dissent. It is apparently critical of our procedure on two scores: first, that respondent has not been served, with process in the sense that papers have not been put into his hand; and second, that we have rushed to judgment. As to the first objection, it is elementary that the purpose of service is notice, and quite obviously that was accomplished some months ago, as is set forth early in this writing. Nothing further is to be achieved by a forceful attempt at actual personal service except, quite possibly, an ugly confrontation. Even if successful, it would add nothing to the full information as to the charges already possessed by respondent. Indeed, respondent not alone has had full notice of these proceedings for a long

time, but has so acknowledged by his abortive attempts, both here and in the Second Department, to circumvent the proceedings by submitting a resignation from the Bar, but which did not contain the required admission of culpability referred to in the dissent.

As to the second objection, no reason whatever has been shown why a respondent who has chosen to reject or ignore service may by stony silence postpone judgment indefinitely. We have not "on the basis of alleged inability to make personal service * * * proceed[ed] forthwith to judgment". Following the March 18 order of reference, respondent was notified of proceedings to be held before the Referee on April 13. Default was noted then. More than two months have passed since, and it is now more than four months since respondent received the petition. Charges have been "properly proffered with the opportunity to defend"; that opportunity has been rejected. There is neither defense nor acknowledgment except as hereinbefore indicated. We should proceed to conclude the matter.

The petitioner has moved this court to sustain the charges preferred on default, or, in the alternative to grant additional time for the petitioner to conduct hearings before the Referee. As we have noted, the respondent has defaulted in appearance before the Referee after due notice. Furthermore, the Referee has permitted a motion to be made before this court for default judgment, which we hereby grant to the extent hereinafter set forth. The further services of the Referee previously appointed by this court are dispensed with, and the documents submitted in support of this motion are considered by this court in the manner of an inquest. Upon such inquest, we find that the conclusions of fact pleaded as specifications in the petition have been supported by those documents. We have accordingly sustained all of the charges preferred against the respondent.

The gravamen of respondent's conduct is obstruction of the due administration of justice, a most serious offense, but one which is rendered even more grievous by the fact that in this instance the perpetrator is an attorney and was at the time of the conduct in question the holder of the highest public office of this country and in a position of public trust.

We note that while Mr. Nixon was holding public office he was not acting in his capacity as an attorney. However, the power of the court to discipline an attorney extends to miscon-

duct other than professional malfeasance when such conduct reflects adversely upon the legal profession and is not in accordance with the high standards imposed upon members of the Bar (*Matter of Dolphin,* 240 NY 89, 92-93; *Matter of Kaufman,* 29 AD2d 298). We find that the evidence adduced in the case at bar warrants the imposition of the most severe sanction available to the court and, accordingly, we direct that respondent should be disbarred.

KUPFERMAN, J. (dissenting in part). My dissent is with respect to the procedural aspects and not as to the substantive aspects, except, of course, in the sense that the procedure raises questions of substance.

The respondent attempted to resign while under investigation. His resignation was rejected because he did not submit the affidavit required by the rules governing the conduct of attorneys, which in section 603.11, entitled *"Resignation of attorneys under investigation or the subject of disciplinary proceedings",* requires an acknowledgment that "he could not successfully defend himself on the merits against such charges". (22 NYCRR 603.11.) The purpose of the affidavit requirement is well set forth in the Report of the New York Committee on Disciplinary Enforcement (Eighteenth Annual Report of NY Judicial Conference, 1973, pp 234, 275 [Problem 12]). That report suggested for codification the specific language of this court's section 603.11. To every extent possible, matters were not to be left in limbo, but charges were either to be acknowledged or properly proffered with the opportunity to defend, and prosecuted to a conclusion.

We now have a situation where, on the basis of alleged inability to make personal service, we proceed *forthwith* to judgment, no matter how justified it may seem to some. If this procedure is satisfactory, then a resignation in the face of the charges would have been at least as acceptable.

MARKEWICH, J. P., LUPIANO, BIRNS and LANE, JJ., concur in *Per Curiam* opinion; KUPFERMAN, J., dissents in part in an opinion.

Respondent's name struck from the roll of attorneys and counselors at law in the State of New York effective August 9, 1976.