In the Matter of FREDRIC E. WEINBERG, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 10, 1987

**APPEARANCES OF COUNSEL**

*Howard Benjamin* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Fredric E. Weinberg,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent Fredric E. Weinberg was admitted to practice as

an attorney and counselor-at-law in the State of New York by the Appellate Division of the Supreme Court, Second Judicial Department, on March 16, 1966. At all times relevant herein, he maintained an office for the practice of law within the First Judicial Department.

Beginning in January of 1977 until August 14, 1985, when respondent submitted his resignation, he was associated with a prominent law firm and became a partner in February of 1978. There is currently an investigation pending against respondent by the Departmental Disciplinary Committee involving allegations of professional misconduct. According to respondent, he cannot successfully defend himself on the merits against the charges which have been brought against him and is, therefore, freely and voluntarily tendering his resignation from the Bar.

The basis for the Disciplinary Committee's investigation is respondent's practice of attributing personal American Express charges to client expenses. Specifically, he admits to incurring charges arising out of his own personal use rather than from any client related purposes, yet remitting bills to clients which made his personal charges appear as if they were bona fide client expenses. The total amount of money which respondent stole in this manner amounted to some $77,000. On the same date that he resigned from his firm, respondent executed a document assigning his capital account, income account and interests in the accounts receivable to be applied as restitution to the victims of the improper billing.

The Departmental Disciplinary Committee states that it has reviewed respondent's affidavit of resignation and has duly submitted it to the consideration of a Hearing Panel, which recommends to this court that the resignation be accepted. Upon review of the record herein, we find that respondent's resignation should be accepted. Consequently, his name is hereby stricken from the roll of attorneys and counselors-at-law.

KUPFERMAN, J. P., ROSS, MILONAS, ROSENBERGER and WALLACH, JJ., concur.

Respondent's resignation is accepted, and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective February 10, 1987.