In the Matter of MURRAY HYMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 14, 1987

## APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Murray Hyman,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent Murray Hyman was admitted to practice as an attorney by the Appellate Division, First Department, on December 12, 1958.

Respondent pleaded guilty on June 12, 1986 in the United States District Court, District of New Jersey, to the crime of conspiring to make false statements on an application to obtain bank loans (18 USC §§ 371, 1014) and was sentenced to a prison term of three years, 90 days to be served and the remainder of the sentence suspended, and to a five-year period of probation.

Petitioner Departmental Disciplinary Committee now moves for an order determining that the crime of which respondent was convicted is a "serious crime" as defined in Judiciary Law § 90 (4) (d), suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), and for an order requiring respondent to show cause why a final order of censure, suspension or removal from office should not be made pursuant to Judiciary Law § 90 (4) (g). The Departmental Disciplinary Committee has submitted to this court a certified copy of the judgment of conviction.

Insofar as the crime for which defendant was convicted constitutes a felony under the laws of the United States and includes, *inter alia,* misrepresentation, fraud, and conspiracy, it constitutes a "serious crime" within the meaning of Judiciary Law § 90 (4) (d).

Respondent contends that there is currently pending civil litigation which will eventually prove that no crime was committed by him. However, whatever the outcome of the civil litigation, the fact is that he admitted his guilt by his plea in the criminal prosecution. If it ultimately proves that the result of the civil proceeding vindicates respondent in any degree, he may only introduce this evidence in mitigation or explanation. Respondent is not permitted to relitigate in the disciplinary proceeding the issue of his guilt for the offense of which he was convicted. *(See, Matter of Levy,* 37 NY2d 279, 280.)

Accordingly, it is ordered that respondent be suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f) and be ordered to show cause why a final order of suspension, censure or removal from office should not be made. (Judiciary Law § 90 [4] [g].)

SANDLER, J. P., ROSS, ROSENBERGER, ELLERIN and WALLACH, JJ., concur.

Respondent is directed to show cause why a final order of suspension, censure or removal from office should not be made and, pending final determination of the petition, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York effective immediately and until the further order of this court.