In the Matter of MURRAY HYMAN, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 5, 1988

## APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Michael A. Gentile,* attorney), for petitioner.

No appearance on behalf of respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Murray Hyman was admitted to practice as an attorney and counselor-at-law in the State of New York by the Appellate Division, First Department, on December 12, 1958.

Respondent was convicted of the crime of conspiring to make false statements on an application to obtain bank loans in violation of 18 USC §§ 371 and 1014, in the United States District Court for the Southern District of New York on June 12, 1986 and sentenced to a 3-year jail term, 90 days to be served and the remainder of the sentence suspended, followed by 5 years' probation.

Thereafter, this court made a finding that respondent was convicted of a serious crime within the meaning of Judiciary Law § 90 (4) (d) and directed him to show cause, within 30 days, why a final order of suspension, censure or removal should not be made, pursuant to Judiciary Law § 90 (4) (f) (127 AD2d 217). A copy of this order with notice of entry was served on respondent by the Departmental Disciplinary Committee on April 27, 1987.

Hyman has not formally replied to that order. Accordingly, the Departmental Disciplinary Committee now moves for an order disbarring the respondent. Respondent has not replied to the motion.

The motion must be granted in light of the seriousness of the crime for which respondent was convicted and his failure to answer the original petition or comply with this court's order to show cause. *(See, e.g., Matter of Nixon,* 53 AD2d 178, 180.)

Accordingly, the motion to disbar should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law.

Sandler, J. P., Ross, Rosenberger, Ellerin and Wallach, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective February 5, 1988.