In the Matter of ARTHUR KOWALOFF (Admitted as ARTHUR DAVID KOWALOFF), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 7, 1992

## APPEARANCES OF COUNSEL

*Hal R. Lieberman* for petitioner.

*Arthur Kowaloff,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent, Arthur Kowaloff, was admitted as Arthur David Kowaloff to practice in the State of New York by the Appellate Division, First Department, on February 14, 1972.

By affidavit dated January 29, 1992, the respondent seeks an order pursuant to 22 NYCRR 603.11 permitting him to resign from the Bar of the State of New York. Respondent has submitted an affidavit in which he states that he is fully aware of the implications of submitting his resignation, and that his resignation is freely and voluntarily tendered, and is not the result of his being subjected to coercion or duress.

Respondent's request was prompted by the pendency of an investigation into allegations that he is guilty of professional misconduct. The investigation was commenced subsequent to the disclosure to chief counsel of the Disciplinary Committee, by respondent's former law partners, that on various occasions in 1989 and 1990, the respondent submitted and was reimbursed for disbursements, not properly chargeable as clients' expense. The total amount involved was approximately $18,000 and respondent asserts that all of the clients involved were reimbursed by him for the amounts that were improperly charged to them. Respondent acknowledges that if disciplinary charges were preferred against him based on the foregoing allegations of misconduct, he could not successfully defend against them on the merits.

The respondent's affidavit fully complies with the requirements of 22 NYCRR 603.11, and the Departmental Disciplinary Committee supports the respondent's request, being fully satisfied that the ends of justice will be served by his resignation. The respondent has abided by his promise to the Committee not to engage in any way in the practice of law from April 15, 1991 to date. Therefore, his request that his resignation be accepted by this court, nunc pro tunc, as of that date, is granted.

Accordingly, respondent's application for an order pursuant to 22 NYCRR 603.11 accepting his resignation from the Bar and striking his name from the roll of attorneys of the State of New York, is granted, and his resignation is accepted nunc pro tunc, as of April 15, 1991.

MURPHY, P. J., CARRO, MILONAS, ELLERIN and ROSS, JJ., concur.

Respondent's resignation is accepted and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc as of April 15, 1991, as indicated.