[645 NYS2d 479]

In the Matter of SHERMAN F. TAUB, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 8, 1996

### APPEARANCES OF COUNSEL

*Hal R. Lieberman* for petitioner.

*John S. Siffert* of counsel *(Lankler Siffert & Wohl,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Sherman F. Taub was admitted to the practice of law in the State of New York by the Second Judicial Department on April 26, 1972. At all times relevant herein respon-

dent maintained an office for the practice of law within the First Judicial Department.

On or about August 15, 1995, respondent was served with a notice and statement of charges. The charges allege, *inter alia*, that respondent committed serious professional misconduct arising out of his billing practices and, in particular, expenses, including some of a personal nature that were charged to clients or his law firm without prior consent or disclosure, and legal fees that were paid directly to respondent without the prior approval of his law firm. The Disciplinary Rules that are directly implicated by respondent's improper billing practices are Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3) (proscribing conduct involving dishonesty, fraud, deceit or misrepresentation) and DR 1-102 (A) (7) (now [8]) (proscribing conduct that adversely reflects on fitness to practice). In an answer dated September 15, 1995, respondent set forth affirmative defenses and mitigating circumstances.

Respondent submits his resignation pursuant to 22 NYCRR 603.11 (a). In his affidavit of resignation dated December 19, 1995, respondent admits that he committed most of the acts underlying the charges and that he could not successfully defend himself against the merits of the pending charges. In his affidavit, respondent states that his resignation is freely and voluntarily rendered; he is not being subjected to coercion or duress; and he is fully aware of the implications of submitting his resignation.

Respondent requests that he be permitted to resign on or after July 1, 1996. This request for a six-month delay is based upon litigation involving partnerships in which respondent is the director of the corporate general partner.

The Chief Counsel of the Departmental Disciplinary Committee, Hal Lieberman, supports respondent's request for permission to resign. He states that he is satisfied that the affidavit conforms to the requirements set forth in section 603.11. He notes that this Court has previously permitted attorneys charged with improper billing practice to resign in lieu of disbarment (*see, e.g., Matter of Kowaloff*, 179 AD2d 224; *Matter of Weinberg*, 124 AD2d 46). He furthermore points out that since respondent resigned from the firm on July 1, 1994, he has made substantial restitution.

A review of the affidavit of resignation submitted by respondent indicates that it fully complies with the requirements of section 603.11 of this Court's rules governing the conduct of attorneys. Respondent acknowledges that he is the subject of a

pending disciplinary proceeding involving allegations that he has been guilty of misconduct; that his resignation is freely and voluntarily rendered and he has not been subjected to coercion or duress; that he is fully aware of the implications of submitting his resignation and cannot successfully defend himself on the merits against the formal charges which have been filed against him by the Disciplinary Committee.

Accordingly, respondent's resignation is accepted and respondent's name is stricken from the roll of attorneys, effective immediately.

ROSENBERGER, J. P., WALLACH, NARDELLI, WILLIAMS and TOM, JJ., concur.

Respondent's resignation is accepted, and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.