[657 NYS2d 39]

In the Matter of WALTER R. BAILEY, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 6, 1997

### APPEARANCES OF COUNSEL

*Hal R. Lieberman* for petitioner.

*Frederick P. Hafetz* of counsel (*Goldman & Hafetz,* attorneys), for respondents.

### OPINION OF THE COURT

Per Curiam.

Respondent, Walter R. Bailey, was admitted to the practice of law in the State of New York by the Second Judicial Depart-

ment on December 18, 1968. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (the DDC) commenced an investigation of respondent after receiving a complaint against him from the managing partner of the law firm Rogers & Wells. Respondent had joined Rogers & Wells in 1971 as an associate, became a partner in 1977 and headed the firm's trusts and estates practice from 1984 until October 25, 1996, when he resigned from the firm at the request of the firm's executive committee. In a letter dated November 25, 1996, the firm advised the DDC that an internal investigation of the firm's accounts had revealed that, from 1990 through 1996, respondent had submitted vouchers for reimbursement and received reimbursement for meals and carfare which were not properly reimbursable. The firm alleged that respondent's improper reimbursement practices resulted in his receiving as much as $73,808 to which he was not entitled over the $6^1/2$-year period.

In the instant motion, respondent seeks permission to resign from the New York State Bar pursuant to 22 NYCRR 603.11. In an affidavit dated March 21, 1997, respondent admits that he is the subject of a pending disciplinary matter and that if charges predicated on the misconduct under investigation were brought against him, he could not successfully defend himself on the merits. Respondent additionally avers that his resignation is being freely and voluntarily rendered, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of submitting his resignation. Finally, respondent advises that, at the time of his resignation from Rogers & Wells, he made full restitution to the firm.

22 NYCRR 603.11 (a) provides:

"An attorney who is the subject of an investigation into allegations of misconduct or who is the subject of a disciplinary proceeding pending in the court may submit his resignation by submitting to the Departmental Disciplinary Committee an affidavit stating that he intends to resign and that:

"(1) his resignation is freely and voluntarily rendered; he is not being subjected to coercion or duress; and he is fully aware of the implications of submitting his resignation;

"(2) he is aware that there is pending an investigation or disciplinary proceeding into allegations that he has been guilty of misconduct, the nature of which shall be specifically set forth; and,

"(3) he acknowledges that if charges were predicated upon the misconduct under investigation, he could not successfully defend himself on the merits against such charges, or that he cannot successfully defend himself against the charges in the proceedings pending in the court."

The affidavit of resignation submitted by respondent fully complies with the specifics of the foregoing rule and the Departmental Disciplinary Committee supports the respondent's request. Moreover, we have permitted attorneys charged with improper billing practices to resign in lieu of disbarment (*see, e.g., Matter of Taub,* 223 AD2d 327; *Matter of Kowaloff,* 179 AD2d 224).

Accordingly, respondent's resignation is accepted and his name stricken from the roll of attorneys, effective 30 days from the date of this Court's order.

ELLERIN, J. P., RUBIN, WILLIAMS, TOM and MAZZARELLI, JJ., concur.

Motion granted, respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective June 6, 1997.