■ In the Matter of STEPHEN H. CHEPIGA, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [868 NYS2d 416]—

Per Curiam.

Petitioner charges that respondent engaged in professional misconduct while serving as a supervisor and then Chief Clerk of the Kings County Surrogate's Court.

Having issued an order declaring that no factual issues are raised by the pleadings with respect to respondent (*see* 22 NYCRR 806.5) and denying a cross motion by respondent to, among other things, dismiss the charge against him, and having heard him in mitigation, we now find respondent guilty of the following professional misconduct.

Respondent engaged in conduct prejudicial to the administration of justice (*see* Code of Professional Responsibility DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]). Specifically, while serving as a supervisor and then Chief Clerk of the Kings County Surrogate's Court, respondent was aware of agreements between the New York State Attorney General and the then counsel to

the public administrator of Kings County limiting fees to counsel to the public administrator to six percent of the size of an estate. Nevertheless, from about 1997 through 2002, respondent was actively involved in the process of approval of fee requests from the counsel to the public administrator amounting to eight percent of estate value. Respondent engaged in this practice despite the provisions of a 1993 amendment to SCPA 1108 (2), which requires that counsel to the public administrator submit for each estate an affidavit of legal services detailing the services rendered, the time spent and the method or basis upon which compensation is requested by the counsel (*see generally Matter of Feinberg*, 5 NY3d 206 [2005]).

Somewhat disconcertingly, respondent states that he was unaware of the 1993 amendment that was enacted as part of a reform effort stemming from an investigation of abuse of compensation to counsels for public administrators by the New York State Attorney General and Comptroller, and which statute was designed to provide individualized review of such fee requests. Respondent also argues that because his positions at the Surrogate's Court did not require him to be an attorney, he was somehow relieved of his obligation to know applicable statutory law and to advise the Surrogate and the counsel to the public administrator accordingly. Since respondent's status as an attorney placed upon him standards higher than otherwise might apply, the charge of conduct prejudicial to the administration of justice was properly lodged by petitioner (*see e.g. Matter of Rowe*, 80 NY2d 336, 340 [1992]; *Matter of Nixon*, 53 AD2d 178, 181-182 [1976]; *Reoux v Reoux*, 3 AD2d 560, 564 [1957], *affd* 4 NY2d 1022 [1958]; *see also* Judiciary Law § 90 [2]).

Considering all of the circumstances presented, including respondent's unblemished disciplinary record, his continuation as Chief Clerk while this proceeding has been pending, and the affidavits of confidence in his integrity submitted by Kings County Surrogates, we conclude that respondent's misconduct warrants his censure.

Mercure, J.P., Spain, Rose, Kane and Stein, JJ., concur. Ordered that respondent is found guilty of charge IV of the petition of charges as charged and specified; and it is further ordered that charge V is dismissed with respect to respondent; and it is further ordered that respondent is hereby censured.