09-90017-am

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

August Term, 2009

(Decided: February 18, 2010)

Docket No. 09-90017-am

_____

In re Uzmah Saghir,

        *Attorney*.

_____

Before: Cabranes, Sack, and Wesley, Circuit Judges.

Pursuant to this Court's reciprocal discipline rule, we remove Uzmah Saghir from the bar of this Court, based on her prior disbarment by the United States District Court for the Southern District of New York, and terminate the disciplinary proceeding currently pending before this Court's Committee on Admissions and Grievances. *See* 2d Cir. Local Rule 46.2(c).

                                       Uzmah Saghir, Esq., Garden City, N.Y., pro se.

**PER CURIAM:**

In November 2009, the attorney grievance committee for the United States District Court for the Southern District of New York removed Saghir from the bar of that court as a disciplinary measure. *See In re Saghir,* No. M-2-238, 2009 WL 4437951

(S.D.N.Y. Nov. 30, 2009). As a result of that disbarment order, this Court also disbarred Saghir, pursuant to its reciprocal discipline rule. *See* 2d Cir. Local Rule 46.2(c)(2); *see also* Order filed Jan. 4, 2010. However, this Court's disbarment order stated that it would not take effect for 28 days, giving Saghir an opportunity to request revocation or modification of the order. *See* 2d Cir. Local Rule 46.2(c)(2)-(3). Saghir did not respond to the disbarment order, and the effective date for Saghir's removal from this Court's bar has now passed. Thus, Saghir is now prohibited from serving as counsel or performing legal services in cases before this Court, and must arrange for substitution of counsel in all of her cases now pending in this Court.

Saghir's disbarment renders moot this panel's June 2009 referral of Saghir to this Court's Committee on Admissions and Grievances. Thus, we terminate the referral, without prejudice to reinstatement in the event Saghir applies for readmission to this Court's bar or successfully challenges her reciprocal disbarment.

One last issue requires resolution. In September 2009, Saghir sent a letter to the Clerk of this Court, stating the following: "I write to hereby withdraw and resign as a member of the Bar of this Court effective immediately." However, Saghir did not cite, and we are not aware of, any authority permitting an attorney to unilaterally withdraw or resign from this Court's bar while subject to disciplinary proceedings in this Court. To the contrary, an attorney who is the subject of a disciplinary

2

proceeding in this Court may not resign from the Court's bar without first obtaining leave of the Court. *See, e.g., In re Clinton*, 534 U.S. 1016 (2001)(striking name from Supreme Court's roll of attorneys pursuant to attorney's *request* for leave to resign); *In re Resignation of Nixon*, 422 U.S. 1038 (1975) (same); *In re Conn*, 16 Vet. App. 364, 365 (2002)("Although the Court has the inherent power to accept a resignation during the pendency of a disciplinary proceeding, whether the Court should accept such a resignation is a matter within the Court's discretion.").[1]

We agree with the Southern District, which received a similar resignation letter from Saghir, that, "[w]hile an attorney may tender his or her resignation, even while under investigation, the effectiveness of such resignation at all times depends upon Court acceptance." *In re Saghir,* No. M-2-238, 2010 WL 308722 (S.D.N.Y. Jan. 22, 2010). Just as an attorney who practices in this Court may not evade this Court's disciplinary authority by failing to first become a member of this Court's bar, *see In re Koenig*, __ F.3d __, 2010 WL 118117 (2d Cir. 2010), an attorney likewise may not evade that disciplinary authority through strategic withdrawal

---

[1] New York state courts, for example, may allow an attorney to resign from the bar while disciplinary proceedings are pending, but only if the attorney admits culpability. *See* 22 N.Y.C.R.R. §§ 603.11, 691.9, 806.8, 1022.26(a); *In re Bailey*, 230 A.D.2d 471, 472 (1st Dep't 1997) (allowing resignation after admission of culpability); *In re Nixon*, 53 A.D.2d 178, 180-81(1st Dep't 1976) (denying resignation because the attorney did not admit culpability).

after disciplinary proceedings have commenced. We construe Saghir's September 2009 letter as a request for leave to resign from this Court's bar, and deny that request. Saghir has not demonstrated, and the papers before this Court do not suggest, that resignation at this juncture would be in the interests of justice.[2]

The appended portions of this panel's prior orders in this matter are deemed part of the present order for the following disclosure purposes. Saghir must disclose this order to all clients in cases currently pending in this Court and to all courts and bars of which she is currently a member, and as required by any bar or court rule or order. Furthermore, the Clerk of Court is directed to release this order to the public by posting it on this Court's web site and providing copies to members of the public in the same manner as all other published decisions of this Court, and to serve a copy on Saghir, this Court's Committee on Admissions and Grievances, the attorney disciplinary committees

---

[2] This Court's current Local Rules, effective as of January 1, 2010, expressly address resignations proffered by an attorney, like Saghir, who had been referred to the Committee on Admissions and Grievances for disciplinary proceedings: "[o]nce a matter has been referred to the Committee by the Grievance Panel, the Committee in the first instance determines the effect of the subject attorney's . . . proffered resignation on Committee proceedings" and "[t]hat determination is then incorporated into the Committee's report to the Grievance Panel." 2d Cir. Local Rule 46.2(b)(3)(I). In the present case, there is no need for a Committee recommendation concerning the effect of Saghir's proffered resignation, since the circumstances clearly render the referral moot and that proffer a nullity.

4

for the New York State Appellate Division, First and Second Departments, and all other courts and jurisdictions to which this Court distributes disciplinary decisions in the ordinary course.

## **APPENDIX 1**

### **Excerpt from March 2009 order**

For the reasons that follow, Uzmah Saghir is ordered to show cause why disciplinary or other corrective measures should not be imposed on her, pursuant to Federal Rule of Appellate Procedure 46(b) and (c) and Second Circuit Local Rule 46.

Saghir was referred to this panel as a result of the proceedings in *United States v. Tyler (Lugo)*, 05-5155-cr (L), 05-6106-cr (CON), in which she represented Richard Lugo. In that case, after Lugo's prior attorney filed a brief, Saghir moved to be substituted as Lugo's attorney and to file a supplemental brief. *See* 05-5155-cr, motions filed Jan. 12 and 17, 2007. Although the motion was granted, *id.*, order filed Jan. 25, 2007, Saghir failed to file the supplemental brief. After a message was left for her by a case manager, Saghir filed a new motion, requesting that the Court disregard prior counsel's brief and allow the filing of a new brief. *Id.*, entry on May 15, 2007; motion filed June 25, 2007. Although Saghir's new motion was granted, *id.*, order filed Aug. 16, 2007, she again failed to file a brief, and failed to respond to the Court's attempts to contact her prior to argument of the appeal, *id.*, entries on Sept. 12 and 13, 2007. At oral argument, Saghir stated that her failure to submit a new brief was "due to [her] own incompetence." The Court granted Saghir leave to file a new brief, but warned that she faced potential sanctions, including referral to this panel. Saghir subsequently complied by timely filing a supplemental brief, and this Court affirmed Lugo's conviction. *See* 05-5155-cr, brief filed Oct. 2, 2007; 05-6106-cr, judgment filed Oct. 24, 2007. However, approximately one month after the affirmance, the Court received a letter from Lugo, in which he stated that neither he nor his family had been able to contact Saghir, he had not received a copy of the supplemental brief, and he was unaware of the status of the case. *See* No. 05-6106-cr, letter filed Nov. 27, 2007. The docket states that Lugo's letter was forwarded to Saghir. *See id.*, dkt. Thereafter, Lugo's petition for writ of certiorari was denied by the Supreme Court. *See Lugo v. United States*, No. 07-10395 (May 12, 2008). The Supreme Court's docket indicates that Lugo proceeded pro se with that petition.

Additionally, a review of Saghir's cases in this Court suggests a pattern of late and defective filings. [footnote omitted]  First, at least four of Saghir's cases have been dismissed due to her failure to file briefs.  *See United States v. Allen*, 02-1738-cr, *United States v. Chohan*, 03-1188-cr, *United States v. Hamdi*, 03-1307-cr (later reinstated and new counsel appointed), *United States v. Gomez*, No. 07-5163-cr.  In one of the four defaulted cases, the dismissal order was entered after this Court had denied Saghir's motion to be relieved, *see Chohan*, 03-1188-cr, while, in another, the dismissal order was entered just before she filed a motion to be relieved, *see Allen*, 02-1738-cr.  This Court's records do not suggest that Saghir made any attempt to reinstate either appeal.

In *United States v. Khan*, 04-6078-cr, Saghir had difficulty filing a brief on time, as evidenced by her numerous requests for extensions of time.  *See* 04-6078-cr, extension motions filed Feb. 22, June 14, Sept. 23, and Dec. 2, 2005.  All but the first extension request were filed following messages from the case manager advising Saghir that her brief was overdue and that an extension motion should be filed.  *Id.,* entries on May 25, July 26, Aug. 19, and Nov. 22, 2005.  After an applications judge granted Saghir's fourth extension motion, and stated that no further extensions would be granted absent extraordinary circumstances, *id.*, order filed Dec. 14, 2005, Saghir submitted a brief by the deadline, but failed to submit an appendix until the Court left an additional message for her and then sent a notice to correct, *id.*, brief received Dec. 19, 2005, entry regarding message on Mar, 6, 2006, notice to correct sent Mar. 24, 2006, brief and appendix filed Apr. 20, 2006.  Further, her client filed a *pro se* letter indicating that Saghir had requested extensions of time without his consent or knowledge for fifteen months, and requesting Saghir's removal as his counsel and leave to prepare his appeal *pro se*.  *Id.*, letter filed Mar. 20, 2006.  Although it appears that no action was taken on the letter, the case was remanded for resentencing, upon the Government's motion.  *Id.*, order filed May 22, 2006.  On remand, the district court granted the client's *pro se* motion for appointment of new counsel, based on the assertion that Saghir had rebuffed numerous attempts at communication.  *See* E.D.N.Y. Dkt. No. 02-cr-74, motion to appoint counsel filed Oct. 17, 2006, order granting motion filed Jan. 7, 2007.

Similarly, in *United States v. Quadar*, 03-1386-cr, Saghir was granted at least eight extensions, but failed to file a timely brief after her motion to file an oversized brief was denied and, as a result, the appeal was dismissed for default.  *See* 03-1386-cr, orders granting extensions filed Mar. 5, Apr. 19, and Nov. 9,

2004, and Jan. 12, Jan. 26, Apr. 8, May 12, and Oct. 3, 2005; dismissal order filed Mar. 22, 2006. Saghir later moved for, and obtained, reinstatement and filed a brief; this Court affirmed the appellant's conviction. *Id.,* motion to reinstate filed Apr. 11, 2006, order granting motion filed Apr. 21, 2006, brief filed Apr. 24, 2006, mandate issued Apr. 13, 2007.

Additionally, in *United States v. Ghauri*, 05-1112-cr, more than three months after Saghir's briefing deadline had passed, the case manager left Saghir at least one message informing her of the missed deadline. *See* 05-1112-cr, entry on Sept. 20, 2005. It does not appear that Saghir ever responded. After the Government moved to dismiss based on the appeal waiver provision of the plea agreement, Saghir was directed to file a response pursuant to *United States v. Gomez-Perez*, 215 F.3d 315 (2d Cir. 2000), but she failed to do so within the mandated thirty-day period. After being contacted by the Court regarding the expiration of the deadline, Saghir filed a response and a motion for leave to file out of time, which this Court granted. *Id.,* entry on Nov. 8, 2005, motion filed Nov. 10, 2005, order filed Nov. 17, 2005. Upon submission, this Court granted the Government's motion to dismiss. *Id.,* order filed Jan. 11, 2006.

In *United States v. Mostafa*, 07-1474-cr, while Saghir submitted a brief and appendix on time, she only submitted one copy of each. *See* 07-1474-cr, entries on June 25, 2007. She cured the defect, after the briefing deadline, upon being informed of the need to submit an additional nine copies of each. *Id.,* entries on June 29 and July 3, 2007.

In *United States v. Gomez*, No. 07-5163-cr, after being substituted as counsel, Saghir failed to respond to an order to show cause why the appeal should not be dismissed based on her failure to file a brief. *See* 07-5163-cr, substitution order filed May 15, 2008, order to show cause filed Aug. 7, 2008. When no response was received, the appeal was dismissed for default. *Id.,* order filed Sept. 25, 2008. Reinstatement has not been requested.

In *United States v. Martinez*, 08-1151-cr, Saghir failed to file her brief by the May 2008 deadline, *see* 08-1151-cr, scheduling order filed Mar. 13, 2008, and, in November 2008, this Court ordered Saghir to show cause why the appeal should not be dismissed based on her default, *id.,* order filed Nov. 18, 2008. Although Saghir's response to the November 2008 order was due by December 2, 2008, no response has been received as of the date of the present order.

Finally, Saghir was charged with misconduct in her representation of Sandro Rodas in his criminal case in the United States District Court for the Eastern District of New York and in his appeal from the resulting conviction. *See Rodas v. Saghir*, 08-cv-738 (E.D.N.Y.), complaint filed Feb. 15, 2008 (alleging misconduct in prior criminal proceedings and noting the filing of a charge with state disciplinary committee). As a result, Saghir was admonished by the Disciplinary Committee for the New York State Appellate Division, First Department, for her conduct in both the district court and this Court. *See id.*, attached disciplinary committee letter dated Apr. 24, 2007; *see also United States v. Rodas*, 05-5643-cr, entries on Nov. 29, 2005, May 10, 2006 (noting correction to reflect Saghir as appellant's counsel, issuance of new scheduling order, and default dismissal). Although Saghir was admitted to practice in New York State by the New York State Appellate Division, Second Department, we currently are unaware of any disciplinary history Saghir may have in that department.

Upon due consideration of the matters described above, it is ORDERED that Uzmah Saghir show cause, in a detailed declaration, why disciplinary or other corrective measures, including suspension from the bar of this Court, should not be imposed on her, pursuant to Federal Rule of Appellate Procedure 46(b) and (c) and Second Circuit Local Rule 46. The declaration must be made under penalty of perjury and filed within twenty-eight days of the filing date of this order.

[Additional text omitted]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_______/s/_________________
Michael Zachary
Supervisory Staff Attorney
Counsel to Grievance Panel

**Excerpt from June 2009 order**

# I.   Referral of Uzmah Saghir to This Court's Committee on Admissions and Grievances

For the reasons that follow, Uzmah Saghir is referred to this Court's Committee on Admissions and Grievances for investigation of the matters described in our prior order, filed March 2, 2009, and preparation of a report on whether she should be subject to disciplinary or other corrective measures. *See* Second Circuit Local Rule 46(h). We express no opinion here as to an appropriate disposition. The Committee may, of course, in the first instance, determine the appropriate scope of its investigation.

In our March 2009 order, we directed Saghir to show cause why she should not be subject to disciplinary or other corrective measures based on the conduct described in that order. Her response was to be made under penalty of perjury and to address a number of specified matters. By letter dated May 6, 2009, Saghir responded by invoking the Fifth Amendment privilege against self-incrimination, pursuant to *Spevack v. Klein*, 385 U.S. 511, 514-16 (1967). Saghir also stated that, if the Court found the Fifth Amendment privilege inapplicable, she would then "fully and completely" comply with the March 2009 order.

We cannot, at this preliminary stage, find the asserted privilege inapplicable. We therefore must make our determination without Saghir's input. The conduct described in the March 2009 order strongly suggests that Saghir is unable to abide by the rules and orders of this Court and, as a result, that her clients and the public are at serious risk of prejudice and that the Court will continue to be unduly burdened. We do not know, and this Court's docket does not suggest, whether Saghir has any valid excuse or explanation for that conduct, or whether any mitigating factors exist. Furthermore, although the March 2009 order clearly put Saghir on notice of various defaults in several of her cases, there is no indication that Saghir has attempted to cure any of them. *See United States v. Martinez*, 08-1151-cr; *United States v. Gomez*, No. 07-5163-cr; *United States v. Chohan*, 03-1188-cr; *United States v. Allen*, 02-1738-cr.

Upon due consideration of the matters described above, it is ORDERED that Uzmah Saghir  is hereby referred to this Court's Committee on Admissions and Grievances for investigation and preparation of a report consistent with Federal Rule of Appellate Procedure 46, this Court's Local Rule 46(h), and the Committee's Rules. We ask the Committee to determine in the first instance

the appropriate means of proceeding in light of Saghir's assertion of the privilege against self-incrimination. Furthermore, the Committee is authorized to share information, and/or hold joint proceedings, with other disciplinary committees, as long as confidentiality is maintained.

## II. Interim Suspension from the Bar of This Court

It is further ORDERED that Saghir is hereby SUSPENDED from the bar of this Court pending completion of the Committee's proceedings, in light of the danger she poses to the interests of her clients and the public. As noted above, Saghir not only has demonstrated an inability to conform to the rules and orders of this Court, but also has failed to take any steps to ameliorate the prejudice to her clients and the public after her defaults were brought to her attention.

[Additional text omitted]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: /s/
Michael Zachary
Supervisory Staff Attorney
Counsel to Grievance Panel