17-90038-am
In re Goldstein

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand eighteen.

PRESENT:
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> *Circuit Judges.*

---

In re ROBERT M. GOLDSTEIN,                                    17-90038-am

                                    *Attorney.*                 ORDER OF
                                                                GRIEVANCE PANEL

---

By order filed in May 2017, Robert M. Goldstein was directed to show cause why disciplinary or other corrective measures should not be imposed on him pursuant to Federal Rules of Appellate Procedure 46(b) and (c) and Second Circuit Local Rule 46.2, based on his conduct in three criminal appeals before this Court, *United States v. Cowie*, 17-542, *United States v. Worthy (Wise)*, 16-1815, and

*United States v. Leeper*, 12-386.[1]  The May 2017 order set deadlines for Goldstein's response to the order, and for him to either cure his defaults or withdraw as counsel in the two appeals that are still pending, *Cowie* and *Worthy (Wise)*.  Goldstein did not comply.  In July 2017, this panel suspended Goldstein from practice before this Court based on his failure to respond to the May 2017 order and to take the required actions in those two appeals.  The July 2017 order also stated that '[a]ny request to modify, stay, or terminate this interim suspension must comply with the requirements stated in the May 2017 order, and also address the default in this disciplinary proceeding."

Goldstein now moves for the suspension order to be lifted.  Goldstein, through an affirmation by his lawyer in support of the motion, attributes his defaults in this Court to health-related issues, although he does not specifically link those issues to the time periods during which the various defaults occurred in the three appeals and the present disciplinary proceeding.  Additionally, Goldstein discusses various actions he will take that will permit him to better focus on those health-related issues and avoid future defaults; among other things, Goldstein states that he will resign from both this Court's bar and the Criminal Justice Act ("CJA") Panel for the United States District Court for the Western District of New York.

Goldstein does not explicitly discuss *Cowie* and *Worthy (Wise)*, or his failure to either cure the defaults in those appeals or withdraw from his representation of the appellants.  In *Cowie*, after Goldstein failed to cure the defects in his April 2017 motion to be relieved (which was discussed in our May 2017 order), new counsel completed the substitution process in August 2017.  *See Cowie*, 17-

---

[1] There are several attorneys named Robert Goldstein admitted to practice in New York State.  The present matter concerns Robert Michael Goldstein, who was admitted in New York State in 1972, has registration number 1760396, and has his office in Buffalo, New York (Erie County).

2

542, docs. 18 (defective motion), 19 (notice of defects), 25 (order striking defective motion), 27, 28, 30 (notices of appearance by new counsel). In requesting substitution, new counsel stated that he had been unable to contact Goldstein for purposes of effectuating the substitution. *Id.*, doc. 32. The docket in *Worthy (Wise)* does not reflect any filings from Goldstein since the inception of the appeal in June 2016 and he is still shown as appellant's counsel of record; this Court will sua sponte arrange for new counsel to substitute for Goldstein.

**Discussion**

As a preliminary matter, we construe Goldstein's present motion as also requesting leave to resign from this Court's bar. *See In re Saghir*, 595 F.3d 472, 473 (2d Cir. 2010) (holding that "an attorney who is the subject of a disciplinary proceeding in this Court may not resign from the Court's bar without first obtaining leave of the Court").

Upon due consideration of the above matters, it is hereby **ORDERED** that Goldstein's motion is **GRANTED**, the interim suspension imposed in our July 2017 order is **TERMINATED**, and Goldstein's resignation from this Court's bar is accepted.

We have previously declined to accept an attorney's resignation during the pendency of disciplinary proceedings where, inter alia, doing so may mislead others into believing that the attorney's separation from this Court's bar was entirely voluntary. *See In re Jaffe*, 585 F.3d 118, 125 (2d Cir. 2009); *accord In re Salomon*, 402 F. App'x 546, 549 (2d Cir. 2010) (denying leave to resign after weighing several factors, including potential for resignation to mislead the public). In other cases, we have granted leave to resign during the pendency of disciplinary proceedings after weighing various relevant factors, including the fact that a publicly issued order would help to avoid any misunderstanding of the circumstances. *See In re Warburgh*, 644 F.3d 173, 182 (2d Cir. 2011); *In re Yan Wang*, 388 F. App'x

3

24 (2d Cir. 2010). In the present case, Goldstein's discussion of his health-related issues makes clear that his request for leave to retire from this Court's bar is not made solely for the purpose of evading a disciplinary sanction, the defaults noted in the May and July 2017 orders were not as egregious as those involved in *Jaffe*, *Saghir*, and *Salomon*, and the fact that this decision will be made public makes it unlikely that the public will be misled as to the circumstances of his resignation. Accordingly, we grant Goldstein leave to resign from this Court's bar. We also terminate this proceeding and the interim suspension imposed by our July 2017 order.[2]

The Clerk of Court is directed to serve a copy of this order on Goldstein, the attorney grievance committee for the New York State Appellate Division, Fourth Department, the administrator of the CJA Panel for the United States District Court for the Western District of New York, and all other courts and jurisdictions to which this Court distributes disciplinary decisions in the ordinary course.[3]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] This Court's Local Rule 4.1 provides that an attorney representing a defendant in a district court criminal case must continue that representation on appeal even if the attorney is not admitted to this Court's bar. If Goldstein is continued as counsel in any case in this Court pursuant to Local Rule 4.1 prior to readmission to this Court's bar, he must promptly notify this Court of the need for substitution.

[3] Counsel to this panel is authorized to provide, upon request, all documents from the record of this proceeding to other attorney disciplinary authorities. While we request that those documents remain confidential to the extent circumstances allow, we of course leave to the discretion of those disciplinary authorities the decision of whether specific documents, or portions of documents, should be made available to any person or the public.