Matter of Goldstein (2018 NY Slip Op 03300)





Matter of Goldstein


2018 NY Slip Op 03300


Decided on May 4, 2018


Appellate Division, Fourth Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ. (Filed Mar. 30, 2018.)


&em;

[*1]MATTER OF ROBERT M. GOLDSTEIN, A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Final order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on February 16, 1972, and he formerly maintained an office in Buffalo. By order dated July 12, 2017, the United States Court of Appeals for the Second Circuit (Second Circuit) suspended respondent from the practice of law on an interim basis after he failed to respond to an order of that Court, which had directed him to show cause why discipline should not be imposed for his conduct relating to three appeals pending in that Court. The alleged misconduct that gave rise to the proceeding in the Second Circuit included respondent's failure to file certain required forms, to respond to inquiries from the Clerk of the Second Circuit, and to correct certain defective motion papers (see Matter of Goldstein , 710 Fed Appx 497, 497 [2d Cir 2018]).
Upon receipt of a certified copy of the order of the Second Circuit, this Court entered an order directing respondent to appear on December 5, 2017, and to show cause why reciprocal discipline should not be imposed pursuant to 22 NYCRR 1240.13. After respondent failed to file papers or to appear in response to that order, this Court suspended him from the practice of law on an interim basis, effective December 15, 2017, and directed him to appear on February 27, 2018, and to show cause why the Court should not enter a final order of reciprocal discipline. Respondent thereafter retained counsel, filed a written response to the show cause order, and appeared on the return date thereof, at which time he was heard in mitigation.
Pursuant to 22 NYCRR 1240.13, this Court may impose reciprocal discipline upon an attorney for misconduct underlying discipline imposed in a foreign jurisdiction, unless we find "that the procedure in the foreign jurisdiction deprived the respondent of due process of law, that there was insufficient proof that the respondent committed the misconduct, or that the imposition of discipline would be unjust" (22 NYCRR 1240.13 [c]). In response to this Court's order to show cause, respondent failed to raise any factor that would preclude the imposition of reciprocal discipline. In determining an appropriate sanction, we have considered respondent's statement that no client was harmed by his misconduct in the Second Circuit, that the Second Circuit has terminated the interim suspension and allowed him to resign from the bar of that Court, and that the underlying misconduct was attributable to depression and other mental health issues, for which he has since sought treatment. We have also considered certain aggravating factors, including that respondent has a disciplinary history that includes four letters of admonition, six letters of caution, and a prior disciplinary proceeding in this Court, which was dismissed in 2015 after respondent established that, at the time, he was successfully addressing his mental health issues. Accordingly, we conclude that respondent should be suspended from the practice of law for a period of two years, effective December 15, 2017, and until further order of this Court. We further direct, however, that respondent may apply to this Court to stay the suspension after a period of six months and upon a showing that he is continuing mental health treatment, that he is following all treatment recommendations, and that he has entered into a mental health treatment monitoring agreement with the New York State Bar Association Lawyer Assistance Program for a period of two years.